# PISTORIO v. WASHINGTON RAILWAY & ELECTRIC COMPANY.

---

CARRIERS; NEGLIGENCE; CHARGE TO JURY; OBJECTIONS AND EXCEPTIONS; RES IPSA LOQUITUR; INSTRUCTIONS TO JURY.

1. The highest degree of care only means reasonable care in the superlative degree, and a charge to the jury in an action for personal injuries against a street railway company whose car collided with an automobile, by one who was a passenger in the car at the time, that the company was bound to exercise all the care and skill and foresight within reason, is equivalent to the statement in a rejected prayer for instruction by the plaintiff that the defendant was

NOTE.—On the question of relation of doctrine *res ipsa loquitur* to burden of proof, see notes in 16 L.R.A.(N.S.) 527, and L.R.A.1916A, 930.

bound to exercise for the plaintiff's safety the highest degree of care, diligence, and skill practicable under the circumstances, and to exercise reasonable foresight and the utmost care and diligence to prevent a collision and for the protection of the plaintiff while she was traveling as a passenger on the defendant's car.

2. If counsel believe that the language of the trial court's charge in expressing a rule of law is inconsistent with the statement of such rule as contained in a rejected prayer offered by counsel, and that the language of the court may not be understood by the jury as expressing the rule, it is the duty of counsel by objection to point out to the court such inconsistency.

3. An exception to the refusal of the trial court to grant a prayer for instruction, which would be sufficient to support an assignment of error for a total failure to cover a point in the charge, may be inadequate when the court gives the substance of the prayer in the charge.

4. Where a plaintiff alleges in his declaration the specific acts of negligence of which he complains, or, having alleged negligence in general terms, voluntarily assumes the burden of proving it, the doctrine of *res ipsa loquitur* has no application. (Citing *Jaquette* v. *Capital Traction Co.* 34 App. D. C. 41, and *Sullivan* v. *Capital Traction Co.* 34 App. D. C. 358.)

5. The law in the exceptional cases where the rule of *res ipsa loquitur* applies should be stated with great clearness by the trial court to avoid leaving with the jury the impression that the inference unexplained compels a verdict for the plaintiff. It amounts only to circumstantial evidence of negligence to be considered as a fact in the case. It may or may not, in the opinion of the jury, be regarded as sufficient to justify a verdict for the plaintiff, but it in no case enforces such a verdict. (Citing *Sweeney* v. *Erving*, 35 App. D. C. 57, as affirmed in 228 U. S. 233).

6. In an action for personal injuries against a street railway company and the driver of an automobile which collided with a car of the company, by a passenger of the company who at the time was in its car, it is not error for the trial court to grant a prayer for instruction asked by the railway company that the car of the company had a preferential right of way which its codefendant was required to respect. ( Citing *Capital Traction Co.* v. *Apple*, 34 App. D. C. 559, and *Capital Traction Co.* v. *Crump*, 35 App. D. C. 169.)

No. 3019. Submitted April 4, 1917. Decided June 1, 1917.

HEARING on an appeal by the plaintiff from a judgment, on

verdict, in an action against two defendants for personal injuries.                                                           *Affirmed.*

The facts are stated in the opinion.

*Mr. Charles H. Merillat,* for the appellant, in his brief cited:

*Appleby* v. *R. R. Co.* 60 S. C. 48–58; *Ball* v. *United States Exp. Co.* 32 App. D. C. 177; *Bergen County Traction Co.* v. *Demarest,* 33 Vroom, 755; *Capital Traction Co.* v. *Contner,* 120 Md. 85; *Clow* v. *Pittsburg Trac. Co.* 158 Pa. 410; *Dixey* v. *Philadelphia Trac. Co.* 180 Pa. 401; *D. C.* v. *Gray,* 6 App. D. C. 314; 3 Enc. U. S. Sup. Ct. Rep. p. 587; *Fagan* v. *Rhode Island Co.* 60 Atl. 673; *Fagan* v. *Rhode Island Co.* 27 R. I. 51; *Fleming* v. *Pittsburg R. Co.* 158 Pa. 130, 22 L.R.A. 351; *Gleeson* v. *Virginia Midland,* 140 U. S. 435–443; *Hill* v. *Minnesota Street R. Co.* 128 N. W. 831; *Hewcke* v. *Milwaukee Street Ry. Co.* 69 Wis. 401; *Houghton* v. *Market Street R. Co.* 1 Cal. 576–578; *Harrison* v. *Sutter Street R. Co.* 134 Cal. 549; *Heyde* v. *St. Louis Trans. Co.* 77 S. W. 127; *Jones* v. *United R. Co.* 99 Md. 64–67; *Inland &c. Co.* v. *Tolson,* 139 U. S. 551; *Kepner* v. *Harrisburg Trac. Co.* 183 Pa. 24; *Kansas City R. Co.* v. *Clinton,* 244 Fed. 896–898; *Louisville R. Co.* v. *Ritter,* 85 Ky. 372; *L. & A. R. Co.* v. *Faylor,* 126 Ind. 126; *Madden* v. *Missouri P. R.* 50 Mo. App. 675; *Mitchell* v. *Marker,* 22 U. S. App. 325; *Met. R. Co.* v. *Blick,* 22 App. D. C. 194; *Met. R. Co.* v. *Falvey,* 5 App. D. C. 176; *McRae* v. *Met. Street R. Co.* 125 Mo. App. 562; *N. J. &c.* v. *Pollard,* 22 Wall. 341; *Nichols* v. *Lynn & B. R. Co.* 168 Mass. 528–530; *Penn. Co.* v. *Roy,* 102 U. S. 451; *Pennsylvania R. Co.* v. *McCaffrey,* 173 Ill. 169; *Pittsburgh R. Co.* v. *Givens,* 211 Fed. 885; *Patton* v. *Texas P. R. Co.* 179 U. S. 658; *Phila. & Reading* v. *Anderson,* 94 Pa. 351; *R. R. Co.* v. *Pollard,* 22 Wall. 341; *Railroad Co.* v. *Hunter,* 6 App. D. C. 309; *Railway* v. *Swann,* 81 Md. 400; *Railroad Co.* v. *Hammett,* 13 App. D. C. 374; *Stevens* v. *E. & N. A. R. Co.* 66 Me. 77; *Smith* v. *St. P. City R. Co.* 32 Minn. 5; *Stokes* v. *Salstonstall,* 13 Pet. 181; *Steamboat New*

*World* v. *King,* 16 How. 469; *Stiner* v. *Met. Slreet R. Co.* 84 N. Y. Supp. 385; *Shay* v. *Camden & S. R. Co.* 66 N. J. 335; *Tinker* v. *Midland Mer. Co.* 231 U. S. 681; *W. & G. R. R. Co.* v. *Hickey,* 5 App. 436; *W. & E. R. Co.* v. *Adams,* 10 App. D. C. 97.

*Mr. George P. Hoover,* for the appellee, in his brief cited:

*Adams* v. *R. R. Co.* 9 App. D. C. 34; *Anderson* v. *Nor. P. R. Co.* 88 Wash. 144; *American Sec. & Tr. Co.* v. *Kaveney,* 39 App. D. C. 227; *Ana & P. Riv. R. Co.* v. *Klein,* 8 App. D. C. 75; *Black* v. *Boston Elev. R. Co.* 187 Mass. 173; *Blew* v. *Phil. Rap. T. Co.* 227 Pa. 320; *Chicago City R. Co.* v. *Rood,* 163 Ill. 481; *Chicago Union Trac. Co.* v. *Mee,* 218 Ill. 13; *Chicago Un. Trac. Co.* v. *Meyers,* 134 Ill. App. 66; *Chapman* v. *C. T. Co.* 37 App. D. C. 479; *Cooper* v. *Sillers,* 30 App. D. C. 571; *Coffey* v. *Sampsell,* 174 Ill. App. 578; *C. T. Co.* v. *Apple,* 34 App. D. C. 572; *C. T. Co.* v. *Crump,* 35 App. D. C. 169; *District of Columbia* v. *Wood,* 41 App. D. C. 108; *District of Columbia* v. *Wilcox,* 4 App. D. C. 124; *Grant* v. *Met. Street R. Co.* 99 App. Div. 424; *Hawkins* v. *Front Street Cable R. Co.* 3 Wash. 596; *Harbison* v. *Met. R. R. Co.* 9 App. D. C. 60; *Jaquette* v. *C. T. Co.* 34 App. D. C. 44; *Kurts* v. *Phil. R. T. Co.* — Pa. —, 90 Atl. 525; *Kight* v. *Met. R. R. Co.* 21 App. D. C. 508; *Kohner* v. *C. T. Co.* 22 App. D. C. 187; *Lazer* v. *Chicago City R. Co.* 152 Ill. App. 320; *Leokadya Wojczynska* v. *Chicago C. T. Co.* 156 Ill. App. 589; *Maher* v. *Met. Street R. Co.* 102 App. Div. 519; *Patterson* v. *S. F. & S. M. El. R. Co.* 147 Cal. 178; *Ryan* v. *Washington & G. R. Co.* 8 App. D. C. 543; *Simkins* v. *Phil. R. T. Co.* — Pa. —, 90 Atl. 527; *Stangy* v. *Boston Elev. R. Co.* — Mass. —, 107 N. E. 933; *Sullivan* v. *C. T. Co.* 34 App. D. C. 358; *Thurston* v. *Detroit Un. R. Co.* 137 Mich. 232; *Weaver* v. *B. & O. R. Co.* 3 App. D. C. 452; *Washington & O. D. R. Co.* v. *Slyder,* 43 App. D. C. 100; *Walker Furniture Co.* v. *Dyson,* 32 App. D. C. 92; *Washington Util. Co.* v. *Wadley,* 44 App. D. C. 181; 2 Jones, Ev. sec. 372.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is a suit brought in the supreme court of the District of Columbia to recover damages for personal injuries received by appellant, Elizabeth M. Pistorio, while she was a passenger on one of defendant railway company's cars. The accident was the result of a collision between the car and an automobile owned by defendant George Walker. The appeal is from a judgment for defendants based upon the verdict of a jury.

The principal assignments of error relate to certain prayers offered by counsel for plaintiff and refused by the court, and to prayers given at the request of counsel for defendant. Plaintiff requested the following prayer, which was refused, and to which an exception was reserved: "The court instructs the jury that a passenger is entitled to the highest degree of care, diligence, skill, and caution on the part of the carrier or street railway company, and if the jury believes from the evidence that the defendant operated the railroad mentioned in the declaration and accepted the plaintiff as a passenger, then the defendant was bound to exercise for the plaintiff's safety the highest degree of care, diligence, and skill practicable under all the circumstances, and exercise reasonable foresight, and to use the utmost care and diligence to prevent a collision and for the protection of the plaintiff from injury while she was traveling as a passenger on the defendant's car; and if you find that the defendant failed in any of these respects and that such failure was a contributing cause to the accident, then your verdict should be in favor of the plaintiff."

It is unnecessary to consider whether it was error to refuse this prayer, since the court charged the jury that the action was brought against the joint defendants "on the theory that the two were both negligent in bringing about this collision, and the plaintiff appears to have been a passenger upon the car, and the relation between her and the railway company by reason of her being a passenger is different from her relation to the other defendant Walker, because he had not undertaken to carry her as a passenger, whereas the railway company had. The railway

company was bound to exercise all the care and skill and foresight within reason in carrying her safely. The defendant Walker was bound to exercise reasonable care in the management of his car so as not to run into the street car and injure people who might be riding therein." To the charge no objection was made or exception reserved. We think the charge announced the law as to the liability of a carrier to its passengers. The highest degree of care only means reasonable care in the superlative degree, and the charge that "the railway company was bound to exercise all the care and skill and foresight within reason" states the same degree in different language.

However, if it is urged that the language of the charge may not have been understoood by the jury as expressing the rule of law, it was the duty of counsel to have interposed an objection and pointed out to the court the inconsistency, if any, between the language of the charge and the prayer. This was not done. The exception to the refusal to grant the prayer, while sufficient to support an assignment for total failure to cover the point in the charge, is inadequate for that purpose when the court gives the substance of the prayer in the charge.

The second assignment is to the refusal of the court to grant a prayer as to the liability of both defendants as the result of concurring negligence. This point was covered fully in the charge, to which no objection was made. It falls, therefore, within the same rule as the first assignment.

Exception is taken to the refusal of the court to grant a prayer imposing upon both defendants the burden of proving by a preponderance of the evidence that they were free from negligence, on the theory that the law raises a presumption of negligence in this case from the mere happening of the accident. The court, over objection, granted prayers offered by counsel for defendant railway company to the effect that in this case no presumption of negligence arose from the mere happening of the accident, and that the burden of proof was upon plaintiff to establish not only that the railway company was negligent, but that its negligence contributed to the injury of plaintiff.

The instructions, of course, must apply to the instant case.

An examination of the record discloses no error in the application of the law to the case made by plaintiff. The accident occurred at about 8 o'clock in the evening, on a well-lighted street. The plaintiff was riding in an open car facing in the direction the car was going. It is alleged in the declaration how and where the collision occurred, and the negligence of defendants is generally charged. All the circumstances tending to establish negligence on the part of defendants were adduced by the testimony of plaintiff and her witnesses in her case in chief. Nothing was left for defendants but rebuttal. To such a case the rule of *res ipsa loquitur* has no application. Where the plaintiff assumes to allege the facts constituting negligence, he is bound to prove them, and no inference of negligence arises from the happening of the accident. "It is sufficient for him to charge in general terms that he was injured while being carried as a passenger, as the result of the negligence of the carrier. But when the plaintiff chooses to allege in his petition the specific acts of negligence of which he complains, he assumes the burden of proving them, and as in other cases must recover, if at all, upon the negligence pleaded." *Hamilton* v. *Metropolitan Street R. Co.* 114 Mo. App. 594, 89 S. W. 893, quoted with approval in *Jaquette* v. *Capital Traction Co.* 34 App. D. C. 41, 44, 5 L.R.A.(N.S.) 407. The same rule applies where negligence is alleged in general terms, but the plaintiff voluntarily assumes the burden of proving it. "This presumption only arises in the absence of evidence of the circumstances out of which the negligence of defendant may be ascertained." *Sullivan* v. *Capital Traction Co.* 34 App. D. C. 358, 374.

It is undoubtedly the law that, as between passenger and carrier, where the causes which produce the accident are peculiarly within the knowledge of the carrier, the plaintiff may make out a prima facie showing of negligence merely by proving the relation of the parties and the happening of the accident. In such a case an inference of negligence arises which calls for rebuttal by defendant carrier, and which, in the absence of rebuttal or explanation, is sufficient to send the case to the jury

and to support a verdict for plaintiff. But even this is not sufficient to cast upon the defendant carrier the burden of proving its lack of negligence by a preponderance of the evidence. As was said in the *Sullivan Case:* "The rule that the mere happening of an accident to a passenger is sufficient to create an inference of negligence on the part of the carrier is limited to certain well-defined cases, and, we think, does not operate in any case to impose upon the carrier the burden of establishing by the preponderance of the evidence that it was free from the charge of negligence. The burden is always upon the plaintiff to make out his case."

While no instruction as to an inference arising from the happening of the accident was called for or would have been proper in this case, the vice of the prayer requested consists not only in shifting the burden of proof, but in failing to state the effect to be given by the jury to such an inference when unexplained by the defendant. The law in the exceptional cases where the rule of *res ipsa loquitur* applies should be stated with great clearness by the court to avoid leaving with the jury the impression that the inference unexplained compels a verdict for the plaintiff. It amounts only to circumstantial evidence of negligence to be considered as a fact in the case. It may or may not, in the opinion of the jury, be regarded as sufficient to justify a verdict for the plaintiff, but it in no case enforces such a verdict.

The rule of this jurisdiction, as settled from a full review of the authorities in the *Sullivan Case,* has been conclusively sustained in the recent case of *Sweeney* v. *Erving,* 228 U. S. 233, 240, 57 L. ed. 815, 818, 33 Sup. Ct. Rep. 416, Ann. Cas. 1914D, 905, appealed from this court. The court, speaking through Mr. Justice Pitney, said: "In our opinion, *res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking; but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require

it; that they make a case to be decided by the jury, not that they forestall the verdict. *Res ipsa loquitur,* where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff."

Exception was also taken to the granting of a prayer on behalf of defendant railway company to the effect that "the car of the defendant railway company had a preferential right of way which the defendant George Walker was required to respect." In *Capital Traction Co.* v. *Apple,* 34 App. D. C. 559, 572, the court said: "As indicated in the charge, a street car company has a preferential right of way over its own tracks, which all persons, under ordinary conditions, must respect." This holding was cited with approval in *Capital Traction Co.* v. *Crump,* 35 App. D. C. 169.

We have examined the remaining assignments of error, and find nothing of sufficient importance to warrant discussion. The judgment is affirmed with costs. *Affirmed.*

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal, in place of Mr. Chief Justice SHEPARD.