# WASHINGTON RAILWAY & ELECTRIC COMPANY *v.* PERRY.

---

ARREST OF JUDGMENT; WAIVER; CARRIERS; NEGLIGENCE; EXCESSIVE VERDICT.

1. Where an issue sought to be tendered by a declaration was understood and accepted by the defendant, and a trial had thereon, every doubt will be resolved in favor of the declaration on a motion in arrest of judgment.
2. Where a defendant joins issue upon, and permits an action to go to judgment on, a declaration which states a cause of action defectively, the defendant waives his right to complain that the cause of action was so stated.
3. A carrier is liable for injuries sustained by a passenger at the hands of fellow passengers, where through its agents or employees it knows or has opportunity to know of the threatened injury, or might reasonably anticipate the happening of such an injury and fails to use proper means to prevent it.

---

NOTE.—On liability of carrier for injury resulting from negligent or meddlesome act of a fellow passenger, see notes in 37 L.R.A.(N.S.) 724, and 49 L.R.A.(N.S.) 810.

On excessiveness of verdicts in actions for personal injuries other than death, see comprehensive note in L.R.A.1915F, 30.

4. In an action to recover damages for injuries received by the plaintiff by the breaking of a pane of glass in the rear of the car of the defendant in which the plaintiff was a passenger, by young men who were on the rear platform engaged in boisterous play, the jury are justified in finding that the result might reasonably have been anticipated by the employees of the defendant.

5. In an action to recover damages for personal injuries in which there was a verdict for the plaintiff for $500, this court, even upon the assumption that it had the right to do so, declined to disturb the verdict on the ground that it was excessive. (Citing *American Secur. & T. Co.* v. *Kaveney,* 39 App. D. C. 223.)

No. 3035. Submitted October 9, 1917. Decided November 12, 1917.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for personal injuries.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is from a judgment for the plaintiff, Frank W. Perry, appellee here, in the supreme court of the District in an action for injuries sustained while a passenger on one of appellant's street cars, and resulting, it is alleged, from the negligence of appellant's servant in failing to maintain proper order thereon.

After the usual averments, the declaration states that the plaintiff boarded defendant's car at a certain suburban resort; that it was the duty of the defendant properly to maintain and police said car and to protect plaintiff "from unlawful acts and boisterous conduct of other passengers or persons in and upon said car; that there boarded said car aforesaid at Glen Echo aforesaid a number of boys, who were on the back of said car and who from said Glen Echo aforesaid until the happening of the event hereinafter mentioned, had been loud, boisterous, and rough on said car; that said boys, passengers as aforesaid, continued said conduct from the time they left said Glen Echo until the said car arrived at 9th & F streets, Northwest, that during the time aforesaid, although it was the duty of the said

agents of the said defendant to curb the said noise and make the said passengers aforesaid behave, yet the said defendant, through its agents, negligently, and carelessly permitted the said passengers aforesaid to act in said rough, unruly, and boisterous manner, and that as said car arrived at 9th & F streets, aforesaid, one of the said passengers broke a window of said car, and the glass therefrom fell on the right leg of the said plaintiff and cut the tendon and arteries above the knee," etc.

Thereupon the defendant filed a plea of not guilty, and, the plaintiff joining issue upon this plea, the case came on for trial before a jury. The evidence for the plaintiff tended to show that the car in question was of an open or summer type; that plaintiff sat on the last seat inside, this seat being separated from the rear platform by windows; that on this platform were about half a dozen boys, seventeen or eighteen years of age; that these boys immediately commenced singing, whistling, and giving cat calls, and that they also jumped up and down and pushed each other about; that "they were trying to make the car rock, trying to make it bounce on its springs. They were jumping up and down on the back platform, bouncing up and down, and that would make the car bounce up and down," or, as another witness stated, "my first attention was called to them by their hollering, and then I saw them later, after the car started, pulling and hauling one another, grabbing one another around the neck and shoving one another back and forth, whistling and hollering and so forth;" that this continued from the time the car started until the witness left it at 11th & F streets, which was two blocks above where the accident occurred; "that they kept pulling each other around and shoving all the way in 'just a regular roughhouse.' " Plaintiff's evidence further tended to show that as the car reached 9th & F streets there was a crash behind plaintiff, and, before he could jump, a broken pane of glass came over and inflicted the injury mentioned in the declaration. Plaintiff received emergency treatment at a hospital, and was treated and under observation by a physician for several weeks. The physician testified that the glass "had cut through the tendon that holds the kneecap," although there was no permanent injury.

The evidence for the defendant tended to show that the boys in question used no profane or objectionable language, the conductor testifying that he cautioned them "not to make too much racket back there so as to annoy the other passengers;" that no one complained about their conduct, and that there was no indication on the part of the passengers that they were disturbed. One witness for the defendant testified that the glass was broken just as the car was beginning to slow down, and another testified that all the boys then jumped off, and that some of them immediately ran.

The jury having returned a verdict for the plaintiff for $500, the defendant filed a motion in arrest, the ground of the motion being that the declaration failed to state a cause of action in that it failed to show that the injury was the result of the conduct complained of. The overruling of this motion is here assigned as error.

*Mr. John S. Barbour,* for the appellant, in his brief cited:

*Alexander* v. *Grand Lodge,* 119 Iowa, 519; *Arizona-Parral Min. Co.* v. *Forbes,* 146 Pac. 504; *Benedict* v. *Potts,* — Md. —, 40 Atl. 1067; *Bevard* v. *Lincoln Traction Co.* 105 N. W. 635; *Bliss,* Code Pl. 438; *Chandler & T. Co.* v. *Norwood.* 14 App. D. C. 357; *Chapman* v. *Capital Traction Co.* 37 App. D. C. 479; *Chittick* v. *Philadelphia & R. T. Co.* 224 Pa. 13, 73 Atl. 4; *Cons. Canal Co.* v. *Peters,* 5 Aug. 80; *Creed* v. *Hartman,* 29 N. Y. 591, 86 Am. Dec. 341; *Davis* v. *Chicago, etc., R. Co.* 57 Am. St. R. 935; *D. & W. R. Co.* v. *Hood,* — Ind. —, 30 N. E. 704; *Ellinger* v. *P. B. & W. R. Co.* — Md. —, 25 Atl. 1132; *Empire State Cattle Co.* v. *Atchison, T. & S. F. R. Co.* 135 Fed. 135; *Grand Rapids & I. R. Co.* v. *Boyd,* 65 Ind. 520; *Himrod Coal Co.* v. *Clark,* 197 Ill. 514; *Kelley* v. *Strouse,* 117 Ga. 872; *Kight* v. *Metropolitan R. Co.* 21 App. D. C. 494; *Langford* v. *Sanger,* 40 Mo. 160; *Lockhart* v. *Schlotterback,* — Ind. —, 40 N. E. 1109; *McMillan* v. *Terrell,* 23 Ind. 163; *Messenger* v. *Woge,* 20 Colo. App. 275; *Parrott* v. *Wells,* 82 U. S. 459, 21 L. ed. 206; *Pollard* v. *Lyon,* 91 U. S. 225, 23 L. ed. 309; *Ray,* Neg. chap. 9, 133; *Roberts* v.

*Johnson,* 58 N. Y. 613; *Slocum* v. *Pomery,* 6 Cranch. 221; *Sprinks* v. *R. R. Co.* — Miss. —, 63 So. 190; *Stearman* v. *Baltimore & O. R. Co.* 6 App. D. C. 46; *Stierle* v. *R. Co.* 156 N. Y. 70, 50 N. E. 419; *Sullivan* v. *Capital Traction Co.* 34 App. D. C. 358; *Sutton* v. *New York C. & H. R. R. Co.* 66 N. Y. 243; *Sweeney* v. *Ewing,* 228 U. S. 233; *Toll* v. *Steam Packet* Co. 90 Md. 253, 44 Atl. 1008; Works, Pl. & Pr. 1045; *Welch* v. *Bryan,* 28 Mo. 30.

*Mr. Daniel W. Baker* and *Mr. John W. Staggers,* for the appellee:

It is well settled at the present time that if there is error, such as is known as amendable error, or is such that, if taken notice of prior to or during the trial could have been corrected, it cannot be taken advantage of by a motion in arrest of judgment or on appeal. *Baker* v. *Warner,* 231 U. S. 588.

In *Foley* v. *Dwyer,* 122 Mich. 590, the court said: "We need not consider whether the averments of damage resulting from breach of the contract by the defendant may be treated as surplusage, as we are convinced that this question was not raised on the trial; and, had it been raised, the court might properly have permitted an amendment."

In *Knox County* v. *Brown,* 103 Mo. 223, the court said:

"No exceptions were taken to the sufficiency of the petition except the motion in arrest of judgment.

"The point is urged before this court that the petition is defective in not stating from whom defendant Sharpe bought the property, and that the vendor, as well as he, had no notice of the mistake.

"The petition, if it is defective *at all,* does not wholly fail to state a cause of action, but states a cause of action defectively; and hence this objection to it, even though good before trial on motion to make it more definite, or even on demurrer, comes too late after verdict."

In *Hoffheimer* v. *Campbell,* 59 N. Y. 269, the court said: "If the objection had been taken at the trial, complaint might have been amended, or the additional facts supplied. It is a

general rule in the trial of actions that the defects which, if pointed out, may have been supplied or avoided, will not be assailable on the appeal."

In *Gardiner* v. *Kellog,* 14 Wis. 658, the court said: "The objection that complaint contains no averment of the trust * * * comes too late. No such ground of objection was taken in the court below. * * * Were the averment necessary, and had objection been taken at trial, there can be no doubt that the court would have ordered *an immediate amendment."*

In *United States* v. *Lee Yen Tai,* 113 Fed. 465, the court said: "The more important of the errors which have been urged allege defects of form in the petition which might have been cured by an amendment if they had been taken in the court below. They do not appear to have been taken there, and cannot be raised for the first time upon appeal."

In *Baxter* v. *Hart,* 104 Cal. 344, the court said: "In the pleading the contract * * * should have been set out."

In *Herndon* v. *Railroad,* 127 N. C. 110, the court said: "The objection was not made at the trial, when, if made, the complaint could have been amended, if necessary. It cannot be made for the first time here."

In *Ward* v. *Merriam,* 193 Mass. 135, the court said: "The defendant having failed to demur and having gone to trial upon issues raised by pleading as they stood, it is not now open to him to raise the point that 1st and 3d counts do not set out a good cause of action."

In *Midlothian Co.* v. *Dahlby,* 108 Wis. 195, the court said: "If the defendants believed in good faith that the complaint was insufficient it was their duty to challenge it by demurrer * * * so that the trial court might have a chance to rule thereon, and the other side a chance for amendment. This was not done, and the defendants are therefore without any foundation, to base their contentions upon."

"A carrier is bound to exercise the utmost diligence in maintaining order and guarding the passengers against violence from whatever source arising, which might reasonably be anticipated or naturally be expected to occur in view of all the circum-

stances, and the number and character of the persons on board.
If this duty is neglected without good cause, and the passenger
receives injury which might have been reasonably anticipated
or naturally expected, from one who is improperly received and
permitted to continue as a passenger, the carrier is responsible."
*Mullen* v. *Wisconsin Traction Co.* 46 Minn. 474; *Steamboat
Co.* v. *Brockell,* 121 U. S. 645; *Flint* v. *Norwich & N. Y.
Transp. Co.* 34 Conn. 554; *Pittsburg & C. R. Co.* v. *Pillow,*
76 Pa. 510; *Birmingham R. & E. Co.* v. *Baird,* 54 L.R.A. 752;
*Gillingham* v. *O. R. R. Co.* 14 L.R.A. 798; *Britton* v. *R. R.
Co.* 88 N. C. 536; *New Orleans R. Co.* v. *Burke,* 53 Miss. 223;
*Vinton* v. *Middlesex R. Co.* 11 Allen, 304; *Tall* v. *Baltimore
Co.* 90 Md. 248; *Spohn* v. *Missouri P. R. Co.* 87 Mo. 74; *Lucy*
v. *Chicago G. W. R. Co.* 64 Minn. 7; *Laring* v. *Colder,* 8 Barr.
482.

Mr. Justice Robb delivered the opinion of the Court:

It is apparent that, at the time of the trial, neither the par-
ties nor the court entertained any doubt as to the issue; for the
court at the outset of the charge said: "The negligence alleged
in the declaration consists in the fact that, while he was a passen-
ger on the car, certain other passengers were guilty of disorderly
conduct in the course of the trip from Glen Echo to 9th & F
streets; and that while engaged in this disorderly conduct one or
more of them broke a glass on the rear of the car, which caused
the injury to the plaintiff." And such is the fair intendment of
the averments of the declaration. Where, as here, it is apparent
that the issue sought to be tendered in the declaration was under-
stood and accepted by the defendant and a trial had thereon,
every doubt will be resolved in favor of the declaration; since
courts of justice are not disposed to permit a defendant, after
having had a fair trial, to obtain another by assuming a position
inconsistent with that assumed before being defeated upon the
merits. The most unfavorable view that can be taken of this
declaration is that it states a cause of action defectively; but,
even so, the defendant should have pointed out the defect before

trial.   By joining issue and permitting the case to go to judgment, he waived his rights, if any.   *Baker* v. *Warner,* 231 U. S. 588, 58 L. ed. 384, 34 Sup. Ct. Rep. 175, where the question is fully considered.

It next is urged that the evidence was insufficient to support the verdict.   It is the duty of the employees of a carrier of passengers to exercise great care and vigilance in preserving order, that one passenger may not be subjected to violence or insult from other passengers; and the carrier is liable for injuries sustained by a passenger at the hands of fellow passengers where, through its agents or employees, it knows or has opportunity to know of the threatened injury, *or might reasonably anticipate the happening of such an injury,* and fails or neglects to take proper precautions or to use proper means to prevent it.   *New Jersey S. B. Co.* v. *Brockett,* 121 U. S. 637, 30 L. ed. 1049, 7 Sup. Ct. Rep. 1039; *Mullan* v. *Wisconsin Central Co.* 46 Minn. 474, 49 N. W. 249; *Flint* v. *Norwich & N. Y. Transp. Co.* 34 Conn. 554, Fed. Cas. No. 4,873; 10 C. J. 900; 4 R. C. L. ¶ 606.

The evidence warranted the jury in finding that half a dozen or more young men (for such they really were) boarded the car in question, and assumed a position on the rear platform, separated from passengers inside the car by windows; that these young men immediately commenced pushing and hauling one another about, jumping up and down so as to affect the entire car; that this conduct continued for the very considerable distance between Glen Echo and 9th street, where the accident occurred; that the glass was broken by these young men and that the injury resulted.   We are of opinion that the conclusion reached by the jury not only was warranted, but irresistible; namely, that the result might reasonably have been anticipated by the employees of the defendant, whose duty it was to protect other passengers on this car.   It is common knowledge that more or less difficulty normally is experienced by a standing passenger in maintaining his equilibrium on a car in motion.   The experienced employees of the defendant were bound to know that, if these young men were not re-

strained, one of them was liable to fall against or be pushed through this window.

Exceptions were taken to the refusal of the court to grant certain prayers. The court instructed the jury that "if the railroad company permitted passengers to be and remain upon the car, whose conduct was such as might reasonably lead to injury to other passengers, and there was injury resulting from the conduct of those passengers," the company was liable; that if from the testimony the jury should find that the conduct of the boys on the rear platform "was such as would reasonably lead to the conclusion that some other passengers might be injured through their misconduct, and that the railroad company did not stop any such misconduct as they were guilty of, and that, as a result of that misconduct on the part of these passengers on the back platform, this glass was broken and the plaintiff was injured, then the railroad company was responsible." The court was careful to caution the jury that, "if these passengers, the boys, as they are called, on the back platform, broke the glass in getting off the car not in a disorderly manner, but as an accident not connected with any disorder on their part, the railroad company could not be responsible for the injury to the plaintiff, although the boys might have been disorderly on other parts of the trip. In other words, the breaking of the glass must have been a part of the disorderly conduct, if you find it was disorderly, on the part of these boys." At the request of the defendant the court further instructed the jury that they must find that the conduct of the passengers in question was such "as would put reasonable men on notice that they intended or contemplated the infliction of injury, or, unless restrained, would inflict injury upon passengers; or that their conduct might reasonably result in such injury to passengers." We think this charge fully and fairly presented the issue to the jury.

It is further suggested that the verdict was excessive. The court's charge upon this point was in language submitted by the defendant, and, assuming that it would be within our province to do so, we find no reason for disturbing the verdict. *American Secur. & T. Co.* v. *Kaveney,* 39 App. D. C. 223, 230.

Judgment affirmed, with costs.          *Affirmed.*