# Stevenson *v.* Davis, Director General, Appellant.

*Negligence—Railroads—Damages—Excessive verdict—Abuse of discretion—Act of May 20, 1891, P. L. 101—Review.*

1. The amount of a verdict will not be disturbed by the appellate court, except in cases where so grossly excessive as to shock the

362 STEVENSON v. DAVIS, DIR. GENERAL, Appel.

sense of justice, and where the impropriety of allowing it to stand is so manifest as to show clear abuse of discretion of the court below in refusing to set aside.

2. A verdict of $7,250 in favor of a practicing physician 69 years of age, will not be set aside where it appears his earnings had decreased since his injuries, from $7 or $10 to $2.50 a day, and that his eyesight and memory had become impaired, as had also his general physical condition.

Argued October 19, 1921. Appeal, No. 185, Oct. T., 1921, by defendant, from judgment of C. P. Allegheny Co., July T., 1920, No. 2287, on verdict for plaintiff, in case of A. C. Stevenson v. James C. Davis, Director General of Railroads, agent operating the Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Co. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before HAYMAKER, J. The opinion of the Supreme Court states the facts.

Verdict for plaintiff; motion by defendant for new trial refused; and judgment for plaintiff for $7,250. Defendant appealed.

*Error assigned,* inter alia, was refusal of new trial, quoting order.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant, cited: Maloy v. Rosenbaum Co., 260 Pa. 466.

*Thomas M. Marshall, Jr.,* with him *Thomas M. Marshall,* for appellee.

PER CURIAM, January 3, 1922:

Plaintiff, while a passenger on a car of the Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company, operated by the director general of railroads, was injured by a suit case or hand satchel falling from a rack above the seat in which he was sitting and striking him on the

head.   A verdict was rendered in his favor for $7,250. The court below having refused a new trial, defendant appealed from the judgments entered on the verdict.

The statement of the question involved is "whether the size of the verdict for the injury suffered was manifestly too great and plainly the result of prejudice." We find nothing in the record indicating prejudice against defendant.   As to whether or not the verdict is excessive, since the passage of the Act of May 20, 1891, P. L. 101, giving this court power to set aside verdicts deemed to be excessive, we have repeatedly said and uniformly held that the amount of a verdict would not be disturbed except in cases where so grossly excessive as to shock our sense of justice and where the impropriety of allowing it to stand is so manifest as to show clear abuse of discretion on the part of the court below in refusing to set it aside: Scott v. American Express Co., 257 Pa. 25, 31.   This rule was adhered to in the late case of Scott v. Bergdoll, 270 Pa. 324, 327.   An examination of the evidence shows plaintiff was a practicing physician living in the Borough of Oakdale, Allegheny County, and at the time of the accident 69 years of age.   There was evidence that he was rendered unconscious when struck by the suit case and as a result of the injury is now unable to practice his profession to the same extent as before the accident, his earnings having decreased from $7 or $10 a day to $2.50 a day; that his eyesight and memory have become impaired as has also his general physical condition.   In view of this testimony establishing the injury received by plaintiff and its effect upon him and the resultant decrease in the receipts from his professional calling, we cannot say the verdict is so excessive as to warrant our interference on that ground.

The judgment is affirmed.