## Creahan, Appellant, *v*. Pennsylvania Railroad Company.

Argued April 28, 1936.

Before KELLER,
P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
JAMES and RHODES, JJ.

*J. Thomas Hoffman,* for appellant.

*Samuel W. Pringle,* of *Dalzell, McFall and Pringle,*
for appellee.

OPINION BY PARKER, J., September 30, 1936:

The plaintiff was awarded a verdict in an action in
trespass. After arguments before five judges sitting
in a common pleas court en banc, judgment was en-
tered for the defendant n. o. v. and plaintiff has ap-
pealed. We are all of the opinion that the case was
correctly decided by the court below as the plaintiff
failed to show any negligence upon the part of the de-
fendant, or any facts from which such negligence might
be inferred.

We will refer to the evidence in a light most favor-
able to the plaintiff as she had the verdict of a jury.
Plaintiff was injured while a passenger for hire in a
coach on one of defendant's trains by the falling of a
satchel from a rack over her head. The bag was a
small one which had been placed in the rack by a
fellow passenger and contained only a few articles of
wearing apparel and toilet articles intended for over-

night service. She entered the coach in Pittsburgh and the train had proceeded a few miles when, while the train was rounding a curve, the satchel became dislodged and fell upon her head. She testified that before she took her seat she saw the bag in the rack provided for the purpose and noted the construction of the rack. She said that she did not notice anything to indicate that its position was insecure or that there was danger of it falling. While she says she did not give particular attention to its position, she further stated that she did not notice that "it was sticking out over the rack". She neither gave nor furnished any evidence to indicate that there was anything defective or of improper construction in the rack, or that the train was operated in a negligent or unusual manner. There was no evidence of failure upon part of any of the defendant's agents or employees to inspect the baggage in the rack. In short, the plaintiff relied for proof of negligence solely upon the fact that the satchel did fall and that she was injured as a result of being struck by it.

The defendant produced the satchel and photographs of the coach involved, showing the racks and seats, and blue prints, showing the nature and measurements of the rack. It called as witnesses the conductor and two brakemen, all of whom testified that they made an inspection of the baggage in the racks after it was placed therein and before the accident and that they saw nothing unusual or dangerous in the position of the satchel. The defendant also called the owner of the bag who stated that he placed it in the rack, as he thought, securely, and described the precise manner in which it was located.

The pleadings are almost as devoid of allegations of negligence as the evidence is of proof thereof. The statement of claim, after stating the facts as to plaintiff's relation to the company, her location and the loca-

tion of the bag and the falling of the bag upon her, averred that "the said travelling bag had been in said carrier or rack for a considerable time before said accident, and that between the time that it was placed there and the time of this accident, the trainmen had been through the train several times". She then set forth the duty of inspection imposed on the carrier and further averred "that the said baggage was not touched for a long period of time" and particularly that the employees did not touch or adjust the baggage during the course of her ride and up to the time of the accident. There is no suggestion in the pleadings that the equipment was defective and it was not alleged that an inspection was not made. In fact it was not claimed that there was anything in the position of the bag that called for further examination than was made.

The plaintiff takes the position that the case comes within what she describes as "the modified res ipsa loquitur doctrine of Pennsylvania" insisting that the facts warrant an inference of negligence.

While carriers for hire are held to a high degree of care the mere fact of injury to a passenger does not raise a presumption of want of care on the part of the carrier: *Zaltouski v. Scranton Rwy. Co.*, 310 Pa. 531, 534, 165 A. 847; *Penna. R. Co. v. MacKinney*, 124 Pa. 462, 17 A. 14. For this presumption to arise it must appear that the accident was caused by something connected with the means or appliances of transportation such as defective tracks, cars, machinery or motive power, or something improper and unsafe in the conduct of the business: *Blew v. Phila. R. T. Co.*, 227 Pa. 319, 76 A. 17; *Swink v. Phila. R. T. Co.*, 277 Pa. 220, 222, 120 A. 827; *Orms v. Traction Bus Co.*, 300 Pa. 474, 150 A. 897; *Wood v. P. R. R. Co.*, 111 Pa. Superior Ct. 430, 433, 170 A. 367. In short, some connection between the accident and a defect in equipment or failure in operation must be shown. In applying the rule

it should therefore be kept in mind that it is the facts and circumstances connected with the injury of which complaint is made that form the basis for a presumption of negligence and not the mere injury.

As we have indicated, there is not a suggestion in the pleadings or in plaintiff's proof that there was any defect in the equipment or operation of the train. On the contrary, it was both alleged and proved that the injury was caused by the fall of a satchel owned and under the control of a fellow passenger. While the object was dislodged while the train was on a curve, it was not claimed or shown that the curve was unusual or that there was any unusual movement of the train. If the plaintiff had relied on such movement to show negligence it would have been incumbent upon her to show that the movement was unusual and violent: *Fornwalt v. Phila. R. T. Co.*, 65 Pa. Superior Ct. 559, 564; *Kleine v. Pittsburgh Rwys. Co.*, 252 Pa. 214, 97 A. 395; *Sanson v. Phila. R. T. Co.*, 239 Pa. 505, 86 A. 1069. With reference to the allegation that the trainmen had not touched the bag after it was placed in the rack, it will be observed that she did not produce any evidence showing that there was any occasion for the employees to handle the bag. Plaintiff testified that she saw the bag before she took her seat, that it was not sticking out over the rack and she did not see anything that would make her think that there was any danger of it falling. In addition we have the testimony of the conductor and two brakemen that they inspected by view all of the parcels in the racks in this car, that this parcel was not sticking out and that there was nothing to indicate impending danger from its location. We know of no rule of law which requires a carrier for hire to inspect, by manual examination, each article of baggage that may be brought into a car by a passenger. "A carrier for hire is held by law to a high degree of care to prevent injury to its passengers but it is not

under a duty to protect them from every injury": *Carothers v. Pittsburgh Ry. Co.*, 229 Pa. 558, 562, 79 A. 134.

While there is no evidence in the case indicating that the baggage was not carefully placed in the rack in a secure position other than the fact that it fell, if we assume that the bag was not securely placed in position, it was a fellow passenger and not the carrier who placed it and it was he who was primarily liable for any consequences that may have resulted. The carrier having provided proper equipment for the accommodation of hand luggage, its responsibility with relation to the location of the baggage extended only to the duty of making a proper inspection. The fall of the baggage may have been due to any of many causes. It was incumbent upon the plaintiff to show that the dislodgement of the bag was due to some cause which ought to have been foreseen by the carrier. This she failed to do.

The appellant principally relies upon the case of *Sperry v. White Star Lines, Inc.*, 315 Pa. 361, 172 A. 646, where a passenger was injured by the falling of a travelling bag from overhead, but in that case the bus in which the plaintiff was riding was driven off the road onto the berm so that the wheels sank into the berm and caused the bus to tip. The question of negligence which was submitted to the jury was whether the driver used due care in turning his bus onto the berm. This clearly formed the basis for an inference of negligence. The important matter is that there was more shown than the mere happening of the accident. In *Stevenson v. Davis, Director Gen.*, 272 Pa. 361, 116 A. 318, where a passenger was injured by the fall of a heavy satchel, the only question raised on appeal was as to whether the verdict was excessive. In *Marcus v. White Star Lines, Inc.*, 316 Pa. 380, 175 A. 490, the injury was from a falling bag but the negligence relied on was the manner in which the bus was operated, the

testimony being that the bus was driven around a curve in the road at a speed of thirty-five to forty miles per hour without slowing down and so that one wheel left the concrete.

The appellant in her written brief states: "We do not allege specific negligence in our statement of claim." She depends alone on the facts pleaded for an inference of negligence and her proofs did not go beyond the allegations. Not alone so, but the proofs were confined to showing that an article in the control of a third party fell upon her with the resulting injury. The difficulty with plaintiff's case is that she tried it upon the theory that since she was a passenger for hire and was injured, the onus of rebutting a presumption of negligence was cast upon the defendant. Such is not the law unless facts are shown connecting the injury with failure of equipment or the operating processes of the carrier as we have more fully shown above.

Judgment affirmed.