EARL BELDER, APPELLEE, V. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLANT.

272 N. W. 220

FILED MARCH 23, 1937. No. 29919.

*Kennedy, Holland, De Lacy & Svoboda* and *Edson Smith,* for appellant.

*W. G. Badham, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

In this case, plaintiff sued for ·damages for personal injuries sustained when he slipped on a banana peel on the step of a street car owned and operated by defendant. The jury returned a verdict for plaintiff for $400 and judgment was entered thereon. From the overruling of its motion for a new trial, the defendant appeals.

The plaintiff alleges in his petition that the proximate cause of the injury was the negligence of the defendant "in failing to remove from the rear platform of said street car foreign substances which had accumulated there, the presence of which defendant knew or should have known, and particularly the banana peel heretofore referred to, thereby rendering the use of said rear platform by passengers, and particularly this plaintiff, dangerous and unsafe." The defendant denied any negligence on its part or that of its employees.

The record discloses that, immediately prior to the accident, the plaintiff was a passenger on one of defendant's street cars. As the plaintiff was leaving the car, he slipped on a banana peel and fell from the car to the pavement causing the injuries for which this action was brought.

It is shown by the evidence that the street car involved in the action ran from Forty-second and Q to a point north of Thirtieth and Laurel streets, the latter being the scene of the accident. The distance between these two streets is 151 blocks. The motorman testifies, and it is not disputed, that he inspected the car at the beginning of the run and that inspections are made at each end of the run. The car was operated by one man who was required to be in the front of the car during its operation. Passengers came into

the car at the front but could leave at a front or rear exit as they chose. The rear door was opened automatically after the car stopped when the passenger stepped upon the step or treadle just inside the door. The accident in question occurred as plaintiff was leaving by the rear exit, the banana peel upon which he slipped being on the step just inside the door.

The evidence does not disclose how the banana peel happened to be on the step or when it was placed there. There is evidence that no one left by the rear exit during the time the car was traveling the 64 blocks immediately before the happening of the accident. The motorman testifies, however, that two girls got off at the rear exit at a point 8 or 10 blocks back from the point where the accident occurred. But, regardless of what these facts may be, it is not shown how or when the banana peel came to be upon the step. For aught the evidence shows, it might have been thrown there by a passenger, dropped by a passenger in leaving the car, or thrown into the car at a time when the door was open. The only direct evidence regarding this banana peel was that it was not there at the beginning of the run. The question for determination is whether the defendant, under these circumstances, is guilty of actionable negligence.

Appellee contends that the case is governed by the rule stated in *Griffen v. Lincoln Traction Co.*, 118 Neb. 459, 225 N. W. 232, as follows: "Bus companies operating after the manner of the defendant herein are common carriers of passengers and are liable as other common carriers upon common-law principles. They are required to exercise the utmost skill, diligence and foresight consistent with the business in which they are engaged for the safety of the passengers, and they are liable for the slightest negligence." The foregoing rule, imposing the more extreme liability upon a common carrier, is undoubtedly correct in so far as the special perils of transportation are concerned. In *Bassell v. Hines*, 269 Fed. 231, the court said: "The reason of the rule is that the passenger delivers himself into the

custody and control of the carrier, that he is helpless against these perils, and that he is compelled to, and rightly does, rely upon the carrier for protection. This reason extends to and supports the great bulk of the cases where the rule of the highest practicable care has been enforced. * * * Plainly, the reason of the rule does not extend to those comparatively trifling dangers which the passenger meets while upon a railway car only in the same way and to the same extent as he meets them daily in his home or in his office or on the street, and from which he easily and completely habitually protects himself. * * * There is, in our judgment, no sound reason why anything more than ordinary care, fitted to the circumstances, should be required, nor why the rule of highest practicable care should be applied to such a subject; we do not find any controlling authority, or any weight of authority, which so requires." See, also, *Pittsburgh, C., C. & St. L. R. Co. v. Rose*, 40 Ind. App. 240, 79 N. E. 1094; *Livingston v. Atlantic Coast Line R. Co.*, 28 Fed. (2d) 563.

The applicable rule is that a common carrier is not liable for injuries to a passenger slipping on a banana peel on a street car step while alighting, unless the operators of the car knew of its presence on the step, or it had been there such a length of time before the accident as would impute notice to them. *Louisville & N. R. Co. v. O'Brien*, 163 Ky. 538, 174 S. W. 31; *Rhodes v. Houston, E. & W. T. R. Co.*, 242 S. W. (Tex. Civ. App.) 263; *Jones v. St. Louis-San Francisco R. Co.*, 222 Mo. App. 1220, 5 S. W. (2d) 101.

In the case at bar, there is no evidence that the operator of the street car knew that the banana peel was on the step. Does the evidence show that it was there such a length of time as to impute knowledge?

It goes without saying that the street car company is not required to keep up a continuous inspection of its cars. The liability of the company in such a case as we have before us is not that of an insurer. The company can be chargeable for plaintiff's injury only on the theory that, in the exercise of ordinary care, it should have discovered the

presence and dangerous character of the banana peel and removed it from the step. The danger to be apprehended from this cause was certainly not a peril reasonably to be expected. In determining whether ordinary care had been exercised, the opportunity of employees to inspect the car is not controlling. Liability can only be predicated on a duty to inspect, as distinguished from opportunity to inspect. In the instant case, inspection was made at the beginning of the run. The motorman, after the trip began, had other duties which demanded his constant attention, and the presence of a banana peel dropped by a passenger during the course of the trip could hardly be sufficient to charge the defendant with negligence. This is especially true when the evidence is silent as to the time the banana peel became lodged on the step.

In *Tevis v. United Rys. Co. of St. Louis,* 185 S. W. (Mo. App.) 738, the court said: "There is no evidence even tending to show that the conductor either saw it or that he ought or could have seen it. There is no evidence how long this banana peel had been lying there; who threw it there; for anything that appears to the contrary, it may have been dropped on the floor immediately before plaintiff stepped on it, conceding that she did step on it. With the evidence in this condition as to this matter of negligence, it is impossible to say that the verdict of the jury was against the weight of the evidence. When there is no evidence, there is none to weigh."

In *Casale v. Public Service Co-ordinated Transport,* 10 N. J. Misc. Rep. 611, 160 Atl. 326, the court in a like case said: "It would appear that the banana peel was observed on the floor of the bus by another passenger before the accident happened, but during the course of the trip; just how long before or at what distance from the point in the trip where the accident happened does not appear. The defendant's proofs established that there had been an inspection of the bus by the driver before the trip began and that at that time anything on the floor was removed and thrown out. The banana peel was presumably dropped by

some passenger on this particular trip. * * * There was no proof of knowledge in the driver of the presence of the peel on the floor, nor was there proof that it had been there for such a length of time as to impute notice to the driver. * * * We think the case should have been controlled by the court and a verdict directed in favor of the defendant."

Also, in *Jones v. St. Louis-San Francisco R. Co., supra,* the court said: "In the case at bar there is no evidence that any one at any time saw a banana peeling on the floor of the car. There is evidence that plaintiff saw a banana being eaten, but she was unable to state how long this was prior to the accident and in fact plaintiff did not see what was done with the peelings after the banana was eaten. She gave the matter little attention at the time. No one apparently knew what became of the banana peelings. Under such state of facts the conclusion is irresistible that plaintiff failed to make a case. That she was severely injured there can be no doubt, but to recover from this defendant she was required to prove the negligence alleged caused her injury. Defendant's servants may have been guilty of negligence in failing to inspect and clean the car, but unless such negligence caused her injury there can be no recovery. The case fails because plaintiff has produced no evidence of probative force in support of her charge of specific negligence."

Since it has not been shown that any of the employees of the street car company knew of the presence of the banana peel upon the steps, or that it had been there such a length of time before the accident happened as would impute notice to them, we are of the opinion that the trial court erred in not directing a verdict for the defendant.

REVERSED.