CLARA GREER AND CHARLES B. GREER, HER HUSBAND, PLAINTIFFS-APPELLANTS, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANT-APPELLEE.

Submitted February 16, 1940—Decided April 25, 1940.

For the plaintiffs-appellants, *Samuel T. French.*

For the defendant-appellee, *Henry H. Fryling.*

The opinion of the court was delivered by

HAGUE, J. This is an appeal by the plaintiffs from a judgment of the New Jersey Supreme Court. Judgment was entered for the defendant at the direction of the learned trial court.

The plaintiff Mrs. Greer, who asks damages for her personal injuries, and her husband, who sues *per quod,* were passengers on the defendant's bus in Camden, N. J. When they entered the bus the aisle was free from obstructions. That was their testimony. As they were leaving the bus Mr. Greer stumbled over an object on the floor which projected into the aisle. He turned to warn his wife but was too late and she fell over the object and sustained injuries.

Alleged negligence based on a claim of insufficient lighting, set forth in the complaint, was not pressed or supported by evidence but it is insisted that the bus driver was negligent in not seeing to it that the aisle was cleared of obstructions (in this instance a suitcase) placed there by another passenger.

In the printed record there is no evidence as to where or when the owner of the suitcase entered the bus. Several stops had been made to take on passengers. There is no evidence that the bus driver knew that the suitcase was projected into the aisle. All the evidence on the point implies that it must have been a very short time before the plaintiff's mishap. The plaintiffs were on the bus only for a few minutes and, as stated before, the obstacle was not in the aisle when they entered. Compare *Holda* v. *Public Service Co-ordinated Transport,* 11 *N. J. Mis. R.* 879.

Of course common carriers of passengers are bound to use a high degree of care to protect passengers from dangers that reasonable foresight could anticipate. Here there is no evidence that the driver of the bus knew that the object was in the aisle or that it had been there for a sufficient time to charge him reasonably with notice of that fact. The rule of law is well stated in a Pennsylvania case (*Burns* v. *Pennsylvania Railroad Co.,* 223 *Pa.* 304; 82 *Atl. Rep.* 246) as follows:

"While it no doubt is the duty of the employes of a railroad company to remove the personal baggage of passengers from the aisles of cars, they must, in order to make it their duty to act, have notice that such obstructions are in the aisle, or the obstruction must have remained there for so long a time before the accident that, in the exercise of due care, they would have discovered it before the accident occurred. (*Stimson* v. *M. L. Shore and Western Railway,* 75 *Wis.* 381; 44 *N. W. Rep.* 748)."

It is further to be borne in mind that the scintilla of evidence rule has not been approved in this state.

"Power of a judge to order a nonsuit or direct a verdict, does not depend upon the absence of all testimony in opposition to the case in favor of which the ruling is made, but the

514

test is whether there is any testimony from which the jury can reasonably conclude that the facts sought to be proven are established." *Baldwin* v. *Shannon, 43 N. J. L.* 596; *Timlan* v. *Dilworth, 76 Id.* 568; *Schmid* v. *Haines, 115 Id.* 271, 278; *Pellington* v. *Erie Railroad, 115 Id.* 589.

The action of the court, therefore, in directing a verdict in favor of the defendant, was entirely correct and the judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.