## ROSS v. PENNSYLVANIA R. CO.
### No. 542.

Municipal Court of Appeals for the
District of Columbia.

Oct. 24, 1947.

J. Nelson Anderson, of Washington,
D. C., for appellant.

John L. Hamilton, of Washington, D. C.
(George E. Hamilton, Jr., of Washington,
D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Plaintiff sued for personal injuries, claiming that while he was a passenger of defendant carrier he was struck on the head by a suitcase which had fallen from an overhead luggage rack. At the end of plaintiff's case the trial judge directed a verdict against him and he appeals.

The plaintiff's case (except for medical testimony not here material) consisted entirely of his own testimony. He testified that at Union Station in this city he boarded a coach car of a New York train a few minutes before it was scheduled to leave. He sat on the part of the seat next to the aisle, placing certain belongings on the seat between him and the window. He was reading a newspaper and paying no attention to the passengers crowding into the coach. Soon after he was seated and while the train was at a standstill he heard someone say: "Oh, that poor man," and then he was hit on the head by "something heavy" and slumped in his seat unconscious for two or three minutes. There was no direct testimony as to how plaintiff was injured but he did venture to give his version of it. He said that after he regained consciousness he "found what had happened" —that a woman passenger had been trying to place a loaded suitcase on top of another large suitcase already on the rack and that her suitcase fell and struck him. He also testified that while he was being taken to the emergency room of the Union Station for treatment he asked an employee of defendant to get the name of the woman "that was putting that suitcase on the rack." The name was given to him as a Miss Scott. Miss Scott was present at the trial (having been summoned by defendant) but plaintiff did not call her as a witness.

The question before us is whether plaintiff had by the evidence we have narrated made out a prima facie case of negligence on the part of defendant carrier. We start out, of course, with the primary general rule that a common carrier owes its passengers the highest degree of care.[1] We apply that rule in conjunction with another general rule: that a motion for directed verdict admits every fact in evidence which tends to support plaintiff's case, together with every inference reasonably deducible therefrom.[2] Judged by these tests and making every reasonable intendment in favor of plaintiff we still cannot say that his evidence entitled him to go to the jury or required answering evidence by defendant. We cannot discover from his testimony any act of omission or commission on the part of the carrier from which a jury could have found negligence.

In his complaint plaintiff charged that an employee of defendant failed to place the luggage of the other passenger (Miss Scott) in the rack and failed to prevent the passenger from placing the luggage in the rack and failed to help the passenger place the luggage in the rack. (He also made a fourth specific charge of negligence which we shall discuss later.) But the meager evidence we have recited does not support a charge of negligence in any one of the three particulars charged.

The evidence failed to show that any employee of the carrier had any reason to anticipate the falling of the suitcase. A carrier is, of course, liable when through its agents or employees "it knows or has opportunity to know of the threatened injury, *or might reasonably anticipate the happening of such an injury,* and fails or neglects to take proper precautions or to use proper means to prevent it."[3] But when there is no such knowledge or reasonable opportunity for such knowledge the carrier is not responsible.[4] Here the

---

[1] Pistorio v. Washington R. & E. Co., 46 App.D.C. 479; Dixon v. Great Falls & O. D. R. Co., 38 App.D.C. 591; Chapman v. Capital Traction Co., 37 App.D. C. 479; Kehan v. Washington R. & E. Co., 28 App.D.C. 108; Birchall v. Capital Transit Co., D.C.Mun.App., 34 A.2d 624.

[2] Birchall v. Capital Transit Co., supra, and cases there cited.

[3] Washington Railway & E. Co. v. Perry, 47 App.D.C. 90, 97.

[4] Bassell v. Hines, 6 Cir., 269 F. 231, 12 A.L.R. 1361, from which we quote in footnote 7, infra; Louisville & I. R. Co. v. Rommele, 152 Ky. 719, 154 S.W. 16,

injury occurred under such circumstances that the jury could not have found that defendant's employees had any reasonable opportunity to become aware of any possible danger that the suitcase in question might fall and strike the plaintiff. It fell (or was dropped by the other passenger) a matter of several minutes before the train was scheduled to start moving. In that respect this case is unlike those which involve baggage falling from a rack while a bus or train is in motion, rounding a sharp curve, or coming to a sudden stop.[5] What caused this suitcase to fall the plaintiff's evidence does not tell us. "It was incumbent upon the plaintiff to show that the dislodgment of the bag was due to some cause which ought to have been foreseen by the carrier."[6]

Even where a bus had been in motion for about a mile and a brief case fell from a rack, it was held in a recent federal case that the interval was not long enough to charge defendant with knowledge that the brief case had been negligently stowed. Williams v. New Jersey–N. Y. Transit Co., 2 Cir., 113 F.2d 649, certiorari denied 311 U.S. 712, 61 S.Ct. 393, 85 L.Ed. 463. Applying New Jersey law the court went on to say, through Judge Learned Hand, that in the absence of actual knowledge on the part of the bus driver that the bag had been negligently placed in the rack the plaintiff could not under the circumstances of that case recover unless she proved that the baggage rack was negligently constructed.[7]

■ Such charge of negligent construction was made in the plaintiff's complaint in this case, as his fourth claim of negligence. But no word of testimony was offered to support the charge. The court and jury were not told how the rack was shaped and constructed, how it was fastened to the car, how deep it was, whether it had or lacked a retaining rim, or indeed anything from which the jury could have been permitted to say that there was anything faulty about it. It would therefore have been improper to submit that question to the jury, especially since there was no testimony whatever that the suitcase was ever actually placed in the rack.

■ Appellant relies on the doctrine or res ipsa loquitur as supplying inferences of negligence which would have entitled him to go to the jury. But in Sullivan v. Capital Traction Co., 34 App.D.C. 358, and Pistorio v. Washington R. & E. Co., 46 App.D.C. 479, it was held that the doctrine does not apply when a plaintiff has set forth the specific facts on which he expects to rely in support of his charge of negligence. In the case before us plaintiff, as we have seen, set out in his complaint four specific charges of negligence. Res ipsa loquitur would therefore seem to be inapplicable here. Furthermore, in order to invoke that doctrine plaintiff must show that the instrumentality which caused the injury was under the exclusive control of the carrier.[8] Plaintiff's own testimony, as we have seen, indicated that the suitcase fell while being

Ann.Cas.1915B, 267; Kunz v. Connecticut Co., 127 Conn. 364, 16 A.2d 831; Creahan v. Pennsylvania R. Co., 123 Pa. Super. 268, 187 A. 51; Wood v. Philadelphia Rapid Transit Co., 260 Pa. 481, 104 A. 69, L.R.A.1918F, 817. See also Greer v. Public Service Coordinated Transport, 124 N.J.L. 512, 12 A.2d 844; Selman v. City of Detroit, 283 Mich. 413, 278 N.W. 112; Belder v. Omaha & Council Bluffs St. Ry. Co., 132 Neb. 415, 272 N.W. 220.

5 Compare Williamson v. Pacific Greyhound Lines, Cal.App., 177 P.2d 977; Prunty v. Allred, 73 Cal.App.2d 67, 165 P.2d 935; Rosenthal v. New York, N. H. & H. R. Co., 88 Conn. 65, 89 A. 888, 51 L.R.A.,N.S., 775.

6 Creahan v. Pennsylvania R. Co., supra [123 Pa.Super. 268, 187 A. 53].

7 Another federal case Bassell v. Hines, 6 Cir., 269 F. 231, 232, 12 A.L.R. 1361, prescribes an even less strict rule for carriers, with reference to a hassock over which a passenger stumbled. The court said that the carrier is held to the exercise of only ordinary care to see that such hassocks are not allowed to project into the aisle, and said further that the rule of the highest degree of care "does not extend to those comparatively trifling dangers which a passenger meets on a railway car only in the same way and to the same extent as he meets daily in other places and from which he habitually and easily protects himself."

8 San Juan Light & T. Co. v. Requena, 224 U.S. 89, 32 S.Ct. 399, 56 L.Ed. 680; Washington Loan & Trust Co. v. Hickey, 78 U.S.App.D.C. 59, 137 F.2d 677.

349

placed in the rack by the other passenger. Hearsay though it was, it was introduced by plaintiff himself, and was the only testimony on the subject. It did not show that the suitcase was under the exclusive control, or indeed under any control of defendant. Thus plaintiff failed to produce evidence of any fact or a series of related facts which would warrant the inference of negligence.[9] Viewed in the most favorable possible light his proof amounted to a mere scintilla, which is not enough.[10]

Without laboring the point, we conclude by saying that under any of the standards we have discussed it is impossible to discover a prima facie case in plaintiff's evidence.

Affirmed.

---

[9] Brown v. Capital Transit Co., 75 U. S.App.D.C. 337, 127 F.2d 329.

[10] Tobin v. Pennsylvania R. Co., 69 App.D.C. 262, 100 F.2d 435; Jackson v. Capital Transit Co., 69 App.D.C. 147, 99 F.2d 380.