## PERRY v. DISTRICT AMUSEMENT CORPORATION.

### No. 7479.

United States Court of Appeals for the District of Columbia.

Argued May 9, 1940.

Decided June 28, 1940.

I. Irwin Bolotin, Samuel B. Brown, and Nathan M. Brown, all of Washington, D. C., for appellant.

Henry I. Quinn and Richard W. Galiher, both of Washington, D. C., for appellee.

Before STEPHENS, EDGERTON, and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

Plaintiff sued for personal injuries received in defendant's theatre. The testimony was that the theatre was unlighted except for a spotlight, that the front of the center aisle was partly occupied by temporary steps which led to the stage and were used by a performer, that two people fell over these steps, and that some minutes later plaintiff, as she was being ushered to a seat, fell over them and was bruised. There was no request for a directed verdict, and the court submitted the case to the jury on the issues of negligence and contributory negligence. The jury rendered a verdict for defendant. Plaintiff's motion for a new trial was overruled, and she appeals.

Plaintiff introduced this municipal regulation of theatre aisles: "Steps shall not be permitted in aisles except as extending from bank to bank of seats; no riser shall be more than $7\frac{1}{2}$ inches, no tread shall be less than 10 inches in width, and whenever the rise from bank to bank is less than 4 inches the floor of the aisle shall be made as a ramp." The purpose of this regulation may be only to require that steps for public use shall be so constructed that the public may use them safely. It seems to deal with steps as steps, not with steps as obstructions. If so, it creates no duty to members of the audience in respect to temporary steps designed solely to enable actors to get on and off the stage. Nevertheless the court, without objection, submitted the regulation to the jury on the issue of negligence. On the view of the regulation which we have suggested, if this was error it was in plaintiff's favor.

Even if the regulation were interpreted as establishing defendant's negligence, the judgment would stand. As plaintiff did not object at the time to a charge on contributory negligence, and even asked for such a charge, she cannot now be heard to say that there was no evidence of contributory negligence. Moreover we have held, on closely similar testimony, that contributory negligence was a question for the jury. Dashields v. W. B. Moses & Sons, 35 App.D.C. 583, 31 L.R.A.,N.S., 380. There the plaintiff fell into a pit while the defendant's employee was leading him through a dark passage.

 Plaintiff complains that defendant's counsel was permitted to tell the jury that (1) plaintiff's injuries were minor, (2) she was entitled to recover at most fifty or one hundred dollars, and (3) if she had not been unreasonable in her demands the case would not have been in court. The first two statements were fair argument in the light of the evidence. Perhaps the third suggested, unintentionally, that defendant had offered a compromise; but mention of a party's own offer of compromise is not prejudicial to the opposing party. The plaintiff is not harmed if the defendant impliedly admits some liability. Cases cited by plaintiff, which relate to mention of an opponent's offers of compromise, are not in point.

The refusal of a new trial was not an abuse of discretion.

Affirmed.