## BELL CAB CO., Inc., v. COPPRIDGE.
## No. 9265.

United States Court of Appeals

District of Columbia.

Argued Oct. 9, 1946.

Decided Dec. 9, 1946.

Mr. Joseph Bulman, of Washington, D. C., with whom Messrs. Walter M. Bastian and Sidney M. Goldstein, both of Washington, D. C., were on the brief, for appellant.

Mr. Rowland F. Kirks, of Washington, D. C., with whom Messrs. Frank H. Myers and Geoffrey Creyke, Jr., both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and CLARK and WILBUR K. MILLER, Associate Justices.

Myrtle Coppridge sued Bell Cab Company, Ernest Travis and Alvin Schmidt in the District Court of the United States for the District of Columbia to recover damages for injuries sustained by her when the Bell cab, operated by Travis, in which she was a passenger, was struck by an automobile driven by Schmidt. Schmidt failed to present any defense and Travis was not served with process, so the Bell Cab Company was the only active defendant. It

answered, and filed a cross claim against Schmidt. The jury found against both Schmidt and the cab company and, at the court's direction, found for Bell Cab Company against Schmidt on the cross claim in a sum equal to that awarded to Miss Coppridge. The taxicab company seeks a reversal of the judgment against it.

The accident occurred in the intersection of Franklin and 4th Streets, N. E. The taxicab was traveling eastwardly on Franklin, which is what is known as a "through street." Schmidt's automobile was moving northwardly on 4th Street and was faced with a stop sign at the entrance to the intersection with Franklin. An apartment building at the southwest corner somewhat restricted the area of vision of drivers proceeding as Travis and Schmidt were moving. The cab was in the second lane from the righthand or south curb of Franklin Street. Travis approached the intersection at about 25 miles per hour; when he reached it, he reduced his speed, looked to his right and saw the Schmidt car about 75 feet away. He felt that Schmidt was at a safe distance for him to cross the intersection. He then looked to his left and, when he glanced back to the right, the Schmidt automobile, which had disregarded the stop sign, was "right on him." Versions of the accident given by Miss Coppridge, the cab driver and Schmidt are in substantial agreement.

The appellant argues that its motion for a directed verdict should have been granted because its driver proceeded across the intersection with an abundance of caution after observation showed that Schmidt's car was a safe distance away; that it was Schmidt's negligence in speeding through a stop sign and that negligence alone which caused the collision.

Without doubt Schmidt's negligent operation of his car was the primary cause of the accident. It may be conceded also that Travis used ordinary care in the operation of his car when he entered the intersection without stopping, relying on the protection of the stop sign and on his judgment of the speed of Schmidt's car and its distance from him. But a taxicab operator, like any other common carrier, does not discharge his legal duty by exercising ordinary care for the safety of his passenger. The law holds him to the exercise of the highest degree of care.[1]

Travis reckoned that Schmidt was traveling between 40 and 45 miles per hour. Although Travis had the right of way at the intersection, nevertheless it remained for the jury to say whether he exercised the highest degree of care to avoid a collision with a car approaching from an intersecting street at an excessive rate of speed.[2] The jury had the right to conclude, as it did, that the extraordinary care due from a taxicab driver required either that he stop, or that he be prepared to stop almost instantly, should the other car fail to observe the stop sign and so fail to yield the right of way.

The cab company offered to prove that Schmidt had entered a plea of guilty in Traffic Court to the charge of failure to give right of way, but the trial court refused to admit the evidence. This is assigned as error. If it be conceded that the proffered proof was erroneously excluded, it seems plain that the error was harmless. Such evidence would have established nothing except that Schmidt was negligent in running the stop sign. This was amply proved otherwise and was not disputed.

[1] Francis v. Fitzpatrick, 67 App.D.C. 69, 89 F.2d 813; Dixon v. Great Falls & Old Dominion Railway Co., 38 App. D.C. 591.

[2] Carson v. Green Cab Co., 186 Wis. 566, 203 N.W. 394; Bland v. Hershey, 60 App.D.C. 226, 50 F.2d 991, 992, in which we quoted approvingly the following from Fitts v. Marquis, 127 Me. 75, 140 A. 909:

"No driver, and especially no driver of an automobile, has leave to approach an intersection without using reasonable, watchfulness and caution to have his vehicle under control. When approaching a highway crossing, as elsewhere on the public ways, eternal vigilance is essential to the practical matter of driving automobiles."

This is true regardless of whether the intersection is controlled by stop lights or stop signs and regardless of whether a traffic regulation technically gives to one approaching car the right of way over another.

■ The appellant also complains of the court's refusal to instruct the jury that if Schmidt violated traffic regulations as to the right of way between vehicles and restrictions as to speed, such violations were negligence as a matter of law, and if they were the proximate cause of Miss Coppridge's injury she would be entitled to a verdict against Schmidt.

We regard such a charge as unnecessary because, at the instance of the appellee, the court told the jury that Schmidt had entered no defense and that a verdict for Miss Coppridge against him should be returned in an amount which would compensate her for her injuries; and at the instance of Bell Cab Company the jury was instructed that, if it should determine the negligence of Schmidt to have been the sole cause of the collision, Miss Coppridge could not recover against Bell Cab Company but only against Schmidt. Furthermore, and also at the instance of Bell Cab Company, the jury was instructed that, while there were two defendants, it did not follow from that fact alone that if one were liable both were liable, and "if you should find that only one defendant is liable, then your verdict in favor of the plaintiff should be rendered against that defendant alone." The rejected instruction would have added nothing to those which were given, and so the court was justified in declining to use it.

■ Finally, the appellant's criticism of the instruction [3] given on the authority of Francis v. Fitzpatrick, 67 App.D.C. 69, 89 F.2d 813, does not seem to us to be well founded.

Affirmed.

[3] "The jury is instructed that the degree of care to be shown by a common carrier to its passenger is paramount to the right of the common carrier to pursue its right-of-way in respect to another car. If you find the defendant, Bell Cab Company, in the exercise of its right-of-way, did not exercise the highest degree of care with respect to the plaintiff and this failure to so act resulted in injury to the plaintiff, then your verdict must be for the plaintiff against the defendant, Bell Cab Company."