## COLE v. CAPITAL TRANSIT CO.

No. 11014.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 2, 1952.

Decided March 20, 1952.

Alfred M. Schwartz, Washington, D. C., with whom Samuel A. Friedman, Washington, D. C., was on the brief, for appellant.

Frank F. Roberson, Washington, D. C., with whom George D. Horning, Jr., Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, PROCTOR, and BAZELON, Circuit Judges.

PROCTOR, Circuit Judge.

Appellant sued in the District Court for damages resulting from injuries allegedly caused by "negligent operation" of a streetcar of appellee. At the trial she adduced evidence in chief that she was a passenger on the streetcar and was injured by a sudden and violent stopping of the car. Without attempting proof of any specific act of negligence, she invoked the doctrine of *res ipsa loquitur* and rested her case. The Transit Company produced evidence tending to prove that the motorman was forced to make the sudden stop by an automobile of one Barnes unexpectedly cutting in upon the car tracks. In rebuttal, plaintiff called Barnes as a witness. He testified, *in contradiction of the motorman*, that his automobile had passed the streetcar and was proceeding along the track ahead of it when an automobile he was following slowed down, causing him to do the same; and it was then that the streetcar ran into the rear of his automobile. Cross-examination of Barnes developed that soon after the accident he had made a written statement to the Transit Company's agent which varied in some important details from his testimony. With all evidence in, the judge directed a verdict for defendant. In so doing he explained that whatever inference might be drawn by virtue of *res ipsa loquitur* was overcome by the testimony of plaintiff's witnesses and that the sole cause of the accident was the negligence of Barnes. These conclusions could only have been drawn from Barnes' testimony, for the plaintiff offered no other evidence concerning the collision itself. We think the court erred.

Concededly, the doctrine of *res ipsa loquitur* was properly invoked by plaintiff. Thus, there arose in her favor the inference that defendant had neglected to exercise that high degree of care owing by a common carrier to a passenger. The inference established a prima facie case to be decided by the jury. It was for them to determine whether the evidence preponderated in the plaintiff's favor. Sweeney v. Erving, 1913, 228 U.S. 233, 240, 33 S.Ct. 416, 57 L.Ed. 815, 819; Capital Transit Co. v. Jackson, 1945, 80 U.S.App.D.C. 162, 149 F.2d 839. See also Underwood v. Capital Transit Co., 1950, 87 U.S.App.D.C. 68, 183 F.2d 822; Washington Loan & Trust Co., Inc. v. Hickey, 1943, 78 U.S.App.D.C. 59, 137 F.2d 677. The fact that plaintiff offered evidence in rebuttal to contradict testimony of the motorman did not nullify her right to have the case go to the jury.

Assuming, without deciding, that the primary cause of the accident was negligence on the part of Barnes, still that was not the controlling issue in the trial of this suit between Mrs. Cole, a passenger, and the Transit Company. Here the Company, for the safety of its passengers, is held to the highest degree of care commensurate with the particular hazards involved, which, as to this case, means all the care and caution which a motorman of reasonable skill, foresight and prudence could fairly be expected to exercise under the conditions leading up to and resulting in the collision. Hecht Co., Inc., v. Jacobsen, 1950, 86 U.S.App.D.C. 81, 180 F.2d 13. The crucial question is *not what the motorman did after he was faced with the emergency of the Barnes car, but how he happened to become involved in that emergency.* Were the circumstances such that he by proper care and foresight should have apprehended danger of a collision? If so, regardless of the streetcar's preferred right of way, it became the motorman's duty to do all that reasonably could have been done to avoid the impending danger. Bell Cab Co., Inc., v. Coppridge, 1946, 81 U.S.App.D.C. 337, 158 F.2d 540; Wichita Transp. Corporation v. Braly, 10 Cir., 1945, 150 F.2d 315. Hence there arose questions which fell within the province of the jury to decide. Upon their

solution hung the ultimate decision as to whether the evidence did preponderate in favor of plaintiff's charge that the streetcar was negligently operated by the motorman.

What we have said also disposes of the further contention that the testimony of Barnes left the plaintiff's case without any substantial support in the evidence.

Reversed and remanded for further proceedings consistent with this opinion.