Pauline LOKETCH, Appellant,

v.

CAPITAL TRANSIT COMPANY,
Appellee.

No. 13123.

United States Court of Appeals
District of Columbia Circuit.

Argued April 17, 1957.

Decided July 3, 1957.

Petition for Rehearing Denied
Sept. 18, 1957.

Prettyman, Circuit Judge, dissented.

Mr. Arthur S. Feld, Washington, D. C., with whom Messrs. Joseph D. Bulman, Sidney M. Goldstein and Samuel Z. Goldman, Washington, D. C., were on the brief, for appellant.

Mr. Francis L. Casey, Jr., Washington, D. C., with whom Mr. Paul R. Connolly, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

Appellant, a bus passenger, was thrown down and injured when the bus came to a sudden stop. She brought suit against the bus company, appellee herein, and against one Dorothy Whalen, the operator of an automobile with which the bus collided. Appellant charged specific negligence on the part of both

defendants. As against the appellee, she relied on *res ipsa loquitur* as well. The case came on for trial before a jury and at the conclusion of appellant's case, the trial judge granted appellee's motion for a directed verdict. This appeal is from the judgment entered on that verdict.[1]

■ Usually, in cases where *res ipsa loquitur* is relied on, the plaintiff merely proves his status, the fact of the accident, and his injury. See Cole v. Capital Transit Co., 90 U.S.App.D.C. 289, 195 F.2d 568 (1952). Here, because there was a co-defendant as to whom *res ipsa* was inapplicable, appellant undertook to prove the circumstances of the accident. She called as witnesses both the driver of the bus and the operator of the automobile with which it collided. From the testimony of both witnesses emerge the facts we now state.

The bus, proceeding westward on K Street, Northwest, had stopped for a traffic light at the Sixteenth Street pedestrian crosswalk. The Whalen automobile drew up at the left of the bus and also stopped. When the light changed, both vehicles started to move. The automobile commenced a right turn into Sixteenth Street, across the path of the bus. The bus driver "hit the brakes" and brought the bus to a stop, but not before colliding with the right rear of the automobile. The bus driver said he started at a speed of about two miles per hour; Mrs. Whalen said she started at about eight or ten miles per hour. The bus had traveled only two to three feet when the automobile started to cut in front of it. The collision occurred and the bus came to a halt somewhat beyond the pedestrian crosswalk. The record does not indicate the width of the crosswalk.

Appellant contends that the doctrine of *res ipsa loquitur* precludes direction of a verdict, at least unless the *defendant* introduces evidence conclusively negating its negligence. Appellee's contention is that, if the plaintiff introduces evidence explaining the circumstances of the accident, *res ipsa loquitur* becomes inapplicable to a case to which it would otherwise apply. The correct rule lies between these two contentions.

■ That *res ipsa* may apply to passenger injuries in common carrier accidents is not questioned. By virtue of that doctrine, the jury may infer "that defendant had neglected to exercise that high degree of care owing by a common carrier to a passenger." Cole v. Capital Transit Co., 90 U.S.App.D.C. at page 290, 195 F.2d at page 569. Where it appears from the evidence, however, that the jury could not reasonably conclude that the accident was proximately caused by any fault on defendant's part, the defendant is entitled to a directed verdict. That the evidence negating the *res ipsa* inference of defendant's liability emanates from the plaintiff rather than the defendant may be unusual, but it is immaterial.

■ What is important is not the source of the evidence, but whether it altogether negates the defendant's prima facie liability flowing from the application of *res ipsa loquitur*. Evidence bringing to light the circumstances of the accident does not, as appellee contends, make *res ipsa* inapplicable. Washington Loan & Trust Co. v. Hickey, 78 U.S.App.D.C. 59, 61, 137 F.2d 677, 679 (1943). The doctrine becomes inapplicable when the circumstances have been so completely elucidated that no inference of defendant's liability can reasonably be made.

■ Appellee's theory is that its driver had no alternative but to apply his brakes as forcefully as he did, if he was to avoid a more serious collision with the Whalen car than actually ensued, and that the injury was therefore attributable solely to Mrs. Whalen's negligence in cutting in front of the bus. Cole v. Capital Transit Co., supra, involved a similar accident. An automobile driven by one Barnes cut in front of a street car and suddenly stopped,

---

1. The case against co-defendant Whalen was compromised and is not before us.

causing the street car to make a sudden stop. We said:

> Assuming, without deciding, that the primary cause of the accident was negligence on the part of Barnes, still that was not the controlling issue in the trial of this suit between Mrs. Cole, a passenger, and the Transit Company. Here the Company, for the safety of its passengers, is held to the highest degree of care commensurate with the particular hazards involved, which, as to this case, means all the care and caution which a motorman of reasonable skill, foresight and prudence could fairly be expected to exercise under the conditions leading up to and resulting in the collision. Hecht Co., Inc., v. Jacobsen, 1950, 86 U.S.App.D.C. 81, 180 F.2d 13. The crucial question is *not what the motorman did after he was faced with the emergency of the Barnes car, but how he happened to become involved in that emergency*. Were the circumstances such that he by proper care and foresight should have apprehended danger of a collision? If so, regardless of the streetcar's preferred right of way, it became the motorman's duty to do all that reasonably could have been done to avoid the impending danger. Bell Cab Co., Inc., v. Coppridge, 1946, 81 U.S.App.D.C. 337, 158 F.2d 540; Wichita Transp. Corporation v. Braly, 10 Cir., 1945, 150 F.2d 315. Hence there arose questions which fell within the province of the jury to decide. Upon their solution hung the ultimate decision as to whether the evidence did preponderate in favor of plaintiff's charge that the streetcar was negligently operated by the motorman. [90 U.S. App.D.C. at page 290, 195 F.2d at pages 569–570.]

Similarly here, even if the evidence established that "the primary cause of the accident" was Mrs. Whalen's negligence, there remains the question whether the bus driver was negligent in placing his bus in a situation where his only alternatives were a serious collision and a less serious collision. By the bus driver's testimony, the bus had moved only two to three feet before the Whalen car began to cut in front of it. At its speed of two miles per hour, it took the bus about one second to move that distance. At the automobile's rate of speed it covered perhaps as much as ten or fifteen feet in that time. It would seem then that, one second after both vehicles started, the automobile may have already been eight to twelve feet ahead of the bus and beginning to cut in front of it. The bus nevertheless continued on through the entire width of the pedestrian crosswalk and ultimately collided with the automobile. Whether the bus driver could or should have slowed or stopped the bus sooner than he did, thereby avoiding a collision or even as violent a stop as he made, would depend upon matters not in evidence—for example, the width of the crosswalk.

On the evidence in the record at the time appellee moved for a directed verdict, we conclude, as we did in Cole, that the question of liability is "within the province of the jury to decide." Whether that question will continue to be for the jury after appellee puts in its proof will depend upon that proof.[2]

Reversed and remanded.

**2.** We think it well to repeat here what we said in Peigh v. Baltimore & O. R. Co., 92 U.S.App.D.C. 198, 202, 204 F.2d 391, 396, 44 A.L.R.2d 671 (1953):

"We do not wish to underestimate or deprecate the weighty reasons which led the trial judge to direct a verdict for the defendant. It is with real reluctance that we have reached the conclusion that he was in error. But we think it well to add that in a case of this kind, if there is room for a difference of opinion, the wise course is for the trial judge to allow the case to go to the jury. If a verdict is deemed by the court to be contrary to the evidence, judgment may be entered *non obstante veredicto*. Action by this court in the event of an appeal from such a judgment would not entail the trouble and expense of a new trial."

**612**

PRETTYMAN, Circuit Judge (dissenting).

I would affirm. The question, as this court correctly says, is how the bus driver happened to become involved in the emergency; should he have apprehended danger of a collision? As the court also correctly points out, plaintiff put in her case, calling both the bus driver and the automobile driver.

The facts are simple and clear. The bus and the Whalen car were standing side by side at an intersection waiting for a traffic light to change. The bus was next to the curb. The light changed, and both started up, the bus slowly and the Whalen car fast (reaching eight to ten miles an hour). The Whalen car cut across in front of the bus. The bus driver "hit the brake" but bumped the right rear fender of the car. The whole affair occurred within the width of a crosswalk. Appellant Loketch, a passenger on the bus, was thrown and injured when the bus stopped.

The trial court evaluated the evidence and found the bus driver without blame. I would leave the case at that.

I see the matter as the trial judge evidently saw it. The bus driver could not reasonably have apprehended that a car on his left was going to make a quick breakaway and turn across the front of his bus to the right. He was not called upon to wait until all passing traffic had passed him, on the chance that some driver might cut across in front of him. And the fact that even when he applied the brake as he did he hit the Whalen car proves conclusively that had he applied less pressure to the brake he would have hit the car harder and there would have been a worse jolt.

I accept the doctrine of the Cole case, relied upon so heavily by the court in this case. But the facts differ so vitally that the conclusion there reached is not to be reached here. There one Barnes, driving an automobile in moving traffic, unexpectedly cut in upon the tracks ahead of a streetcar. The next automobile ahead in the line of traffic slowed down, Barnes slowed down, and the streetcar stopped suddenly. There was no testimony upon the crucial question whether the motorman should have apprehended the danger. In our case a major thrust of the evidence is to that point. Applying the rule of the Cole case to the facts in this case I get the result the trial judge reached. He did so correctly, in my view.

I would accept the evaluation of the evidence made by the judge who heard it. I see nothing to support a conclusion that the bus driver should have apprehended danger, i. e., should have apprehended that a car standing on his left as they waited for the light was going to make a quick right turn across his front.