Carrie L. **WARNER** et al., Plaintiffs,

v.

**CAPITAL TRANSIT COMPANY** et al., Defendants.

Civ. A. 417–56.

United States District Court
District of Columbia.
June 10, 1958.

Alfred M. Schwartz, Washington, D. C., for plaintiffs.

Frank Roberson, Washington, D. C., for defendant Capital Transit Co.

Wilford Lawson, Washington, D. C., for defendants Independent Taxi Owners' Ass'n, and for Philip Profeta.

HOLTZOFF, District Judge.

In the form of a request for the submission of a special interrogatory to the jury, the defendant Capital Transit Company asserts a right of indemnity against its co-defendant in the event that both defendants are held liable in this action to recover damages for personal injuries. The question to be determined by the Court at this juncture is whether such a right of indemnity exists.

The plaintiff was a passenger on a bus of the defendant Capital Transit Company. The plaintiff claims that as a result of a sudden stop made by the bus, she was thrown and sustained personal injuries. These facts are sufficient to make out a prima facie case of negligence as against the Capital Transit Company on the theory of *res ipsa loquitur*. The Capital Transit Company, while admitting that the bus driver made a sudden stop, asserts that this course was necessitated by the negligence of the driver of a taxicab, the defendant Philip Profeta, who was an agent of the defendant Independent Taxi Owners' Association, in that Profeta, while driving his cab a short distance in advance of the bus, suddenly shifted lanes, cut off the bus, and made it necessary for the bus driver to come to a sudden stop to avoid a collision. The position of the taxi driver is that he was sufficiently in advance of the bus so that the bus driver could have

come to a gradual stop without running the risk of a collision with the cab.

■■ The Capital Transit Company is held to the highest degree of care and a violation of the highest degree of care, insofar as its passengers are concerned, constitutes negligence on its part.[1] On the other hand, the taxi driver, in respect to the plaintiff involved in this action, is liable only for ordinary negligence. It is claimed by the Capital Transit Company that if the jury finds both defendants guilty of negligence, the Capital Transit Company is, nevertheless, entitled to indemnity as against its co-defendants, if the jury holds the Capital Transit Company liable for failure to exercise the highest degree of care and not merely ordinary care. On this theory, counsel for the Capital Transit Company requests the Court to submit a special interrogatory to the jury, to be answered in the event that the jury finds a verdict against both defendants, the special interrogatory to designate whether the Capital Transit Company is being held by the jury on the theory of a violation of the highest degree of care or only on the theory of ordinary negligence.

■■ At common law, there was no contribution as among joint tort-feasors. The law left the parties where it found them. The more enlightened doctrine of contribution among joint tort-feasors is of recent origin and has been introduced only in some jurisdictions, among them, the District of Columbia.[2] The law does not, however, apportion degrees of negligence as between joint tort-feasors, and does not allocate contribution on such a ratio.

■■ There are indeed some situations in which one joint tort-feasor is entitled to indemnity as against another. Such a contingency arises if one joint tort-feasor is not guilty of any negligence himself but is answerable for the negligence of another, as, for example, in the case of a master and servant. If the servant is found guilty of negligence and the master is held liable on the theory of *respondeat superior*, the latter has a right of indemnity as against the servant. If, however, each of two or more joint tort-feasors is guilty of negligence in some degree, the fact that the negligence of one may be greater than that of another does not give rise to a right of indemnity. In fact, it does not change the method of apportioning contribution, because contribution can be recovered in exact proportion to the number of joint tort-feasors.

Admittedly, there are no decisions of the Court of Appeals for the District of Columbia Circuit, nor of any other Federal appellate court, that the diligence of counsel has been able to find, that sustain directly the proposition that a right of indemnity exists in such a situation as the defendant Capital Transit Company may find itself in this case. The decision of the Court of Appeals for this circuit in Bell Cab Co. v. Coppridge, 81 U.S.App. D.C. 337, 158 F.2d 540, which has been cited by counsel, does not decide this

1. In the District of Columbia, a common carrier is required to exercise the highest degree of care for the safety and protection of its passengers. Francis v. Fitzpatrick, 67 App.D.C. 69, 72, 89 F. 2d 813; Dixon v. Great Falls & Old Dominion Railway Co., 38 App.D.C. 591, 594; Pistorio v. Washington Railway & Electric Co., 46 App.D.C. 479, 484; Capital Transit Co. v. Jackson, 80 U.S.App. D.C. 162, 165, 149 F.2d 839, 161 A.L.R. 1110; Bell Cab Co. v. Coppridge, 81 U. S.App.D.C. 337, 338, 158 F.2d 540; In Hecht Co. v. Jacobsen, 86 U.S.App.D.C. 81, 180 F.2d 13, it was suggested that the doctrine be abandoned, but that discussion was not necessary to the decision. Subsequently the doctrine was reaffirmed and continues to be the law of this jurisdiction. Cole v. Capital Transit Co., 90 U.S.App.D.C. 289, 195 F.2d 568; Williams v. Capital Transit Co., 94 U.S. App.D.C. 221, 226, 215 F.2d 487; Schaller v. Capital Transit Co., 99 U.S.App.D. C. 253, 239 F.2d 73; Loketch v. Capital Transit Co., 101 U.S.App.D.C. 287, 248 F.2d 609, 611.

2. George's Radio, Inc., v. Capital Transit Co., 75 U.S.App.D.C. 187, 126 F.2d 219; Knell v. Feltman, 85 U.S.App.D.C. 22, 26, 174 F.2d 662.

point. In that case there were joint tort-feasors. A verdict was found for the plaintiff as against both, and the trial judge directed a verdict for indemnity in favor of one as against the other tort-feasor. The opinion does not disclose the basis of this ruling. It was not reviewed in the Court of Appeals because the tort-feasor against whom a verdict for indemnity was directed did not appeal. The case was before the Court of Appeals in its other aspects. There being no governing precedent, this Court must decide the matter purely on principle.

 The law of the District of Columbia does not recognize degrees of negligence.[3] It defines negligence differently in respect to the care that a common carrier must exercise toward its passengers than it does in respect to negligence under other circumstances, but in either event, the issue is whether the defendant was negligent. Consequently, it is the view of this Court that there is no right of indemnity as between two joint tort-feasors, each of whom has been held guilty of negligence on its own part, merely because one is held accountable for the highest degree of care and the other for ordinary care.

It is also urged that it would be helpful as a matter of procedure to submit such an interrogatory to the jury for possible future information. There are occasions when such a practice is appropriate and desirable. The Court does not feel that this is such a case. The query that would be submitted to the jury is rather abstruse. In fact, it borders on metaphysics. To require an answer to such a question unnecessarily would impose an undue burden on the jury. It would practically amount to asking the the jury to answer a hypothetical question: namely, would you have reached the same verdict as against the Capital Transit Company if it were answerable only for ordinary care and not the highest degree of care? The Court is of the opinion that no useful purpose would be served by submitting such an enigma to the jury.

Accordingly, the Court will deny the request for the submission of the special interrogatory.

---

3. Atchison v. Wills, 21 App.D.C. 548, 561.