LUSTINE–NICHOLSON MOTOR COM-
PANY, Inc., Appellant,

v.

Ernest PETZAL, Appellee.

No. 14908.

United States Court of Appeals
District of Columbia Circuit.

Argued June 4, 1959.
Decided June 25, 1959.

Mr. John L. Laskey, Washington, D. C., with whom Mr. Dyer Justice Taylor, Washington, D. C., was on the brief, for appellant.

Mr. Leo N. McGuire, Washington, D. C., with whom Messrs. Joseph D. Bulman and Sidney M. Goldstein, Washington, D. C., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and BAZELON and BURGER, Circuit Judges.

### PER CURIAM.

In an action for damages for personal injury the jury returned a verdict of $12,000 for injuries sustained when appellee was leaving appellant's Hyattsville, Maryland, garage, where he had come to have his car repaired. The injury was sustained when his head struck or was struck by a large, electrically actuated overhead door. This much is undisputed. It is also undisputed that appellee walked out almost on the heels of appellant's mechanic, who was going out to look at appellee's car.

It is appellee's theory of the case and that upon which the verdict rests, that the door was completely open until he walked under, at which time it fell upon his head. Appellant's theory of the case (and evidence was introduced to support it) is that appellee walked into a door that had already been part way lowered for some time.

The trial court, without commenting upon the evidence, instructed the jury that they could return a verdict for appellee if they found either (1) that he was injured because appellant's premises were not in a reasonably safe condition, or (2) that his injury was caused by an instrumentality or agency in the exclusive control of the appellant and was of such a character as in the light of ordinary experience is unlikely to occur except as the result of negligence.

Appellant first argues that it was error for the court to give the latter, or *res ipsa loquitur* instruction. The charge as given stated the doctrine correctly,[1] but appellant contends that it permitted the jury to draw an inference which had been completely negated by other evidence, citing Loketch v. Capital Transit Co., 101 U.S.App.D.C. 287, 248 F.2d 609 (1957). That case is, of course, the controlling law, but we do not believe that the *res ipsa loquitur* inference was completely negated in this case. The same result prevailed in the Loketch case where we reversed a directed verdict for defendant but said:

"Evidence bringing to light the circumstances of the accident does not, as appellee contends, make *res ipsa* inapplicable. [Citations omitted.] The doctrine becomes inapplicable when the circumstances have been so completely elucidated that no inference of defendant's liability can reasonably be made." 101 U.S.App.D.C. at page 288, 248 F.2d at page 610.

Appellant relies on two pieces of testimony to negate the *res ipsa* inference: (1) expert testimony that the overhead door could not possibly fall from a fully open position unless it were actuated by one of two switches or unless it were forced down; (2) testimony of its service manager that no one pushed either of the actuating buttons. On the other hand appellee relied on his own testimony that the door fell down on his

1. See Pennsylvania R. Co. v. Pomeroy, 99 U.S.App.D.C. 272, 283, 239 F.2d 435, 446 (1956), certiorari denied 353 U.S. 950, 77 S.Ct. 861, 1 L.Ed.2d 859 (1957); Washington Loan & Trust Co. v. Hickey, 78 U.S.App.D.C. 59, 61, 137 F.2d 677, 679 (1943).

head: his testimony did not try to explain whether it fell contrary to the expert's opinion or whether it was actuated by some unknown person, contrary to the service manager's testimony. In any event there was a direct conflict in the testimony, and the jury could very properly have disbelieved one of appellant's witnesses and then properly have applied the *res ipsa* inference to explain appellee's testimony. In these circumstances it was not error to give the *res ipsa* instruction. See Prosser, Torts 215–17 (2d ed. 1955) and cases cited there.

■ Appellant next argues that the District Court erred in denying a requested instruction on the doctrine of assumption of risk. This instruction would be relevant only if the jury accepted appellant's theory of the case, i. e., when appellee approached the door, it was already in a half-closed position, about five or five and a half feet off the floor, thus presenting a danger apparent to appellee or any reasonable man so situated. Appellant's argument on this point uses this factual theory as an essential premise. If the jury had, however, accepted this theory, they would have been compelled to return a verdict in appellant's favor even without the requested assumption of risk instruction because of contributory negligence. The court charged the jury on contributory negligence, and his charge on this proposition would have necessarily precluded the jury from holding appellant liable if they had accepted appellant's factual theory of the case. Appellant was not therefore prejudiced by the omission of its requested assumption of risk instruction.

■ Appellant's next assignment of error relates to the District Court's refusal to give a requested instruction in regard to appellee's ceasing to be an invitee. Appellant argues that appellee should have used the door provided for pedestrians, and that he became at best a mere licensee when he used the exit intended for automobiles. This argu-

ment would be very persuasive [2] if there were not uncontradicted evidence that appellee merely followed one of appellant's service employees out of the door. There was conflicting evidence as to whether this employee asked appellee to follow him and as to whether another customer went with them. The employee himself, however, testified that he walked out through the overhead doorway and shortly thereafter turned around and saw appellee picking his hat off the floor. Additionally, appellant's new car sales manager testified that customers ordinarily walked through the overhead doorway whenever it was open. He said there was no sign warning them not to do so.

Since, on uncontradicted testimony, appellee merely attempted to follow an employee through the doorway, we hold that the trial court properly concluded as a matter of law that appellee did not lose his status as a business invitee. There was, at the least, an implied invitation from appellant's employee for appellee to use the overhead doorway whether appellee was or was not in fact invited to do so.

■ Nor do we believe that the District Court abused its discretion in refusing to prevent appellee from arguing to the jury that a particular employee might have pushed the button actuating the door. It was a reasonable inference deducible from appellee's evidence that someone might have pushed the button. This was but one possible cause of the unexplained event. The employee to whom appellee referred in closing argument was placed near a button by uncontradicted evidence. It was well within the court's discretion to permit such an argument. Cf. Perry v. District Amusement Corp., 72 App.D.C. 323, 114 F.2d 484 (1940); Middendorf, Williams & Co. v. Alexander Milburn Co., 137 Md. 583, 113 A. 348 (1921).

Affirmed.

---

2. See Firfer v. United States, 93 U.S. App.D.C. 216, 208 F.2d 524 (1953); Crown Cork and Seal Co. v. Kane, 213 Md. 152, 131 A.2d 470 (1957).