Esther LEVY, Appellant,

v.

**D. C. TRANSIT SYSTEM, INC.,**
a corporation, Appellee.

No. 2797.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 2, 1961.

Decided Nov. 3, 1961.

Arthur L. Willcher, Washington, D. C.,
for appellant.

Anthony E. Grimaldi, Washington, D. C.,
for appellee.

Before HOOD and QUINN, Associate
Judges, and SMITH, Chief Judge of The
Municipal Court for the District of Colum-
bia, sitting by designation.

HOOD, Associate Judge.

Appellant sued the Transit System, al-
leging she was a passenger on one of its
buses and was injured when she was
thrown from her seat to the floor of the
bus by reason of the "negligent and care-
less operation of such bus."

At trial appellant testified that the bus, after stopping at an intersection, pulled out into the intersecting street "in a fast turn, turning on almost two wheels," and that because of the "violent, severe nature in which the operator turned the bus" she was thrown off the seat. Another passenger testified that the bus made "a very fast turn" and she then saw appellant on the floor but did not see her fall. A third passenger testified she saw appellant on the floor, but that she had noticed nothing unusual about the operation of the bus. The bus driver testified that he made a normal turn, starting at a low rate of speed and reaching a speed of about eight miles per hour at the completion of the turn; that he did not see appellant fall but she told him that just before the fall she was sitting on the end of the seat, with her back to the aisle, talking to a passenger behind her.

The case was submitted to the jury on the issues of negligence and contributory negligence, and the jury returned a verdict in favor of the Transit System.

The chief claim of error on this appeal relates to the refusal of the trial court to instruct the jury on the doctrine of res ipsa loquitur. Two closely allied preliminary questions require consideration. Although the complaint charged negligence generally, the pre-trial order stated appellant's claim to be that the "operator turned the corner at an unreasonable rate of speed," and contains no statement that appellant intended to rely on res ipsa. The question has been raised whether the failure of appellant at pre-trial to inform court and opposing counsel of her reliance on res ipsa restricted her at trial to reliance on the specific act of negligence stated in the pre-trial order.

In the recent case of Meadow Gold Products Co. v. Wright, 108 U.S.App.D.C. 33, 35, 278 F.2d 867, 869, it was said that pre-trial procedure is "the principal means of defining the issues in a case and the legal theories upon which they are to be tried," and that courts "are not to be lenient with counsel who fail to reveal the theory of their case until all the evidence is closed." The doctrine of res ipsa loquitur is a procedural rule of evidence and is not an issue, but it may constitute a theory upon which the plaintiff tries his case; and where, as here, a plaintiff intends to rely on res ipsa as well as proof of some specific act of negligence, fairness to the court and opposing counsel requires that this position be made clear at pre-trial. Such appears to be the prevailing practice in this jurisdiction.[1] In the present case the first indication that appellant was relying upon res ipsa came when the requested instruction was presented after the evidence was closed. Although we disapprove of this practice, we are reluctant to let it be the deciding factor in the case.

The second preliminary question is whether a plaintiff may rely on both res ipsa and proof of some specific act of negligence, and have the case submitted to the jury on both theories. The modern and generally accepted rule on the subject is stated in the Annotation in 33 A.L.R.2d 791, 795, to be:

"While generally recognizing that where all the facts and circumstances of the occurrence in suit are disclosed by the evidence, there is no need of or room for the inferences arising under the maxim, 'res ipsa loquitur,' most of the courts which have considered the question have recognized that where the circumstances of the occurrence

---

1. See Pomeroy v. Pennsylvania Railroad, 96 U.S.App.D.C. 128, 223 F.2d 593, certiorari denied 353 U.S. 950, 77 S.Ct. 861, 1 L.Ed.2d 859; Safeway Stores v. West, 86 U.S.App.D.C. 99, 180 F.2d 25, certiorari denied, 339 U.S. 952, 70 S.Ct. 840, 94 L.Ed. 1365.

and the pleadings of the parties would otherwise present a proper situation for the application of the doctrine, the plaintiff does not lose its benefits by introducing some evidence of specific negligence which does not establish clearly and definitely the precise cause of the injury, or, as it is sometimes more concisely phrased, that the plaintiff's unsuccessful attempt to prove specific negligence will not deprive him of the inferences or presumptions otherwise available under res ipsa loquitur."

Such is the rule in this jurisdiction. See Lustine-Nicholson Motor Company v. Petzal, 106 U.S.App.D.C. 18, 268 F.2d 893; Pomeroy v. Pennsylvania Railroad, 96 U.S.App.D.C. 128, 223 F.2d 593, certiorari denied 353 U.S. 950, 77 S.Ct. 861, 1 L.Ed. 2d 859. In Lindsey v. D. C. Transit Company, D.C.Mun.App., 140 A.2d 306, 308, 309, this court said:

"Though *some* evidence may tend to show the specific cause of an accident, a plaintiff should not be deprived of the benefit of the doctrine if after his case in chief is in, the true cause is still left in doubt or is not clearly shown."

Thus it seems clear that in a proper case a plaintiff is entitled to rely on both res ipsa and proof of specific negligence, and have both theories submitted to the jury with instructions on both. This brings us to the main question whether this was a proper case for instructions to the jury on res ipsa.

■ As the rule above quoted from the A.L.R. Annotation shows, the doctrine of res ipsa loquitur has no application where all the facts and circumstances are disclosed by the evidence. The rule applies where direct evidence of negligence is lacking,[2] or where there is "little evidence,"[3] or where the cause of the injury is left in doubt by the evidence or not clearly shown.[4] But where the evidence furnishes a complete explanation of the occurrence, the rule has no application.[5] "If the negligence is known, there is no justification for the drawing of inferences." Gray v. Baltimore & O. R. Co., 7 Cir., 24 F.2d 671, 673, 59 A.L.R. 461.

■ In the case before us appellant's evidence showed the precise cause of the accident, namely, the making of the unnecessarily fast turn. Appellee's evidence was that the turn was neither fast nor unusual. On this state of the evidence there was no room for the application of the doctrine of res ipsa. If the jury accepted appellant's testimony, there was direct proof of negligence and no resort to inference was necessary. To have instructed the jury on res ipsa would have had the effect of telling the jury that even though they found that the turn was not fast or unusual, they could infer negligence from the mere fact that appellant fell or slipped from the seat. That is not the law.

This is not a case where a sudden stop or sharp turn is admitted but is attempted to be explained by some emergency requiring it. The simple issue here was fast turn or no fast turn. Counsel for appellant, in argument to the trial court on the instructions stated: "This is a case of excessive speed, having nothing to do with jerks or jolts. In other words, swinging around

2. Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815.

3. Washington Loan & Trust Co. v. Hickey, 78 U.S.App.D.C. 59, 61, 137 F.2d 677, 679.

4. Lindsey v. D. C. Transit Company, D.C. Mun.App., 140 A.2d 306.

5. Prosser, Torts, § 43, p. 214 (2d ed. 1955).

that corner too fast under the circumstances." This issue was submitted to the jury, and our opinion is that an instruction on res ipsa would have been misleading, unnecessary and unwarranted.

Appellant also asserts there was error in the instructions on other matters, but reading the instructions as a whole we find no prejudicial error.

The final claim of error relates to the admission in evidence of a report made by the driver of the bus to his employer. The first reference to this report was made during cross-examination of the driver. Appellant's counsel inquired if the witness had made a report and when the witness replied that he had made such a report on the day of the accident, counsel proceeded to interrogate the witness as to its contents and as to when the witness had last seen the report. When the witness stated he had not seen the report since the day he made it (about eighteen months earlier) counsel for appellant demanded and received the report from appellee's counsel. Appellant's counsel then interrogated the witness regarding the various portions of the report. Thereafter, over appellant's objection, the report was received in evidence.

Under these circumstances we think appellant cannot complain of the introduction of the report. The report was first called to the attention of the jury by appellant. Appellant used the report as a basis for cross-examination and read parts of it to the witness in the presence of the jury. As the jury had heard a part of the report, we see no harm done appellant by permitting the jury to know its entire contents. Its only effect was to show that the witness's testimony was not inconsistent with his report made on the day of the accident.

Affirmed.