**MISSILE CAB ASSOCIATION, INC., Edward Hughes, Jr., and Robert Williams, Appellants,**

v.

**Margaret ROGERS and Leonard Rogers, Appellees.**

No. 3067.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 17, 1962.

Decided Oct. 18, 1962.

846

Charles F. Hoelzer, Jr., Washington, D. C., for appellants.

Howard Vogel, Washington, D. C., for appellees.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

This was an action for personal injuries brought by a taxicab passenger against the driver, the owner, and a cab association. Relying on the doctrine of *res ipsa loquitur,* plaintiff in her case in chief made no attempt to prove specific negligence. She testified that the driver had been weaving in and out of traffic at 35 miles an hour; that just as they reached an intersection the traffic light turned green; that "halfway through the intersection all of a sudden the car gave a hard jar and I flew up off the seat"; that the left front wheel collapsed, and the driver later told her the axle had broken.

Defendants then introduced testimony to the effect that the accident was

unavoidable and was caused by a defect in a ball-joint which could not have been discovered by reasonable care. In rebuttal plaintiff presented as an expert, a mechanic who, after examining the ball-joint, testified that there had been improper lubrication and excessive wear of the joint, that this would have manifested itself by jolts, worn tires and improper steering. Appellant contends that this testimony defined a specific act of negligence and that it was error to submit the case to the jury on the doctrine of *res ipsa loquitur.*

No rule is better established than that which holds a common carrier to the highest degree of care toward its passengers for hire and creates liability upon proof of even slight negligence.[1] Neglect in the performance of such duty may be inferred from the occurrence of the accident.[2] The injured party is not relieved from the burden of proving negligence, but the method of proof is rearranged and a prima facie case is established by proof of the accident, injury, and passenger status.[3]

Even when a plaintiff goes beyond the prima facie showing and introduces *some* evidence as to the circumstances of the accident, he may still rely on the inference of negligence raised by *res ipsa loquitur.*[4] It is only when the facts have become so completely elucidated that no inference of negligence can be drawn, that *res ipsa* becomes inapplicable.[5] A plaintiff does not lose the benefit of the doctrine by introducing evidence which does not establish

clearly and definitely the cause of the injury.[6]

There is no difficulty in applying these principles to the situation here presented. Plaintiff made no attempt in her case in chief to prove specific acts of negligence. Evidence elicited on cross-examination [7] or introduced in rebuttal [8] showing a specific act of negligence does not remove the inference of negligence. On the contrary, such evidence "helps the jury to decide intelligently whether or not a permissible inference of negligence should be drawn." [9] The trial court was right in submitting the case to the jury on the *res ipsa* theory.

■ Appellant next contends that the court erred in refusing to strike all testimony of a physician called by plaintiff, concerning a keloid scar on her abdomen. The motion was made after a motion for directed verdict had been denied at the close of plaintiff's case. The doctor at one point said that he could not "hazard a guess" as to whether the accident was responsible for the formation of the keloid, but testified that "any irritation may cause it, anything that irritates the scar." The court thereafter sustained objection to further testimony relating to causation. Appellant contends that because of these statements all testimony regarding keloid scars should have been stricken, including answers on direct which were not objected to, and testimony elicited on cross-examination.

1. Birchall v. Capital Transit Co., D.C. Mun.App., 34 A.2d 624, and cases cited therein.

2. Cole v. Capital Transit Co., 90 U.S.App. D.C. 289, 195 F.2d 568.

3. Jackson v. Capital Transit Co., D.C. Mun.App., 38 A.2d 108, affirmed, 80 U.S. App.D.C. 162, 149 F.2d 839, 161 A.L.R. 1110, cert. denied, 326 U.S. 762, 66 S.Ct. 143, 90 L.Ed. 459.

4. Lustine-Nicholson Motor Co. v. Petzal, 106 U.S.App.D.C. 18, 268 F.2d 893; Lindsey v. D. C. Transit Co., D.C.Mun. App., 140 A.2d 306.

5. Loketch v. Capital Transit Co., 101 U.S. App.D.C. 287, 248 F.2d 609.

6. Levy v. D. C. Transit System, Inc., D.C. Mun.App., 174 A.2d 731.

7. Lobel v. American Airlines, 2d Cir., 192 F.2d 217, cert. denied, 342 U.S. 945, 72 S.Ct. 558, 96 L.Ed. 703.

8. Whitaker v. Pitcairn, 351 Mo. 848, 174 S.W.2d 163.

9. Lobel v. American Airlines, supra, 192 F.2d at 220.

Assuming that there was no sufficient evidence upon which to find a causal connection between the keloid formation and the accident, we think it was not error to refuse to strike from the record all testimony concerning keloids. There was proof of other injuries, and in its charge to the jury the court made no mention of the keloid which might have given that particular injury undue prominence. We cannot say that appellant was prejudiced by the refusal to strike the testimony.

Affirmed.