**EMPLOYERS MUTUAL LIABILITY IN-SURANCE COMPANY**

v.

**HOUSTON FIRE & CASUALTY INSUR-ANCE COMPANY.**

Civ. A. Nos. 6131, 7449.

United States District Court
W. D. Louisiana,
Shreveport Division.

Feb. 13, 1963.

 

Alex F. Smith, Jr., Mayer & Smith, Shreveport, La., Wright, Harrison, Lindsey & Upton, Little Rock, Ark., for plaintiff.

Thomas A. Harrell, Blanchard, Goldstein, Walker & O'Quin, Shreveport, La., for defendant.

BEN C. DAWKINS, Jr., Chief Judge.

The facts in these cases are set forth in detail in our original opinion, reported at D.C., 194 F.Supp. 828, and will not be repeated here.

In that opinion, this Court, sitting as a Louisiana forum, found that inasmuch as the policy of insurance had been delivered in Arkansas, the law of that State must govern. In the absence of any Arkansas decisions on the questions involved, we felt that the reasoning and ruling announced in American Fidelity & Casualty Co. v. St. Paul-Mercury Indemnity Co., 248 F.2d 509 (5th Cir., 1957), should control.

Within a relatively short time thereafter, however, it was learned that the United States District Court for the Western District of Arkansas had rendered decisions in what appeared to be a similar case, on June 1, 1961, and July 6, 1961, which might be in conflict with our ruling. Meantime, counsel for Employers Mutual had perfected an appeal from our ruling to the Fifth Circuit Court of Appeals.

Upon our suggestion a joint motion was filed by counsel for both parties, and the Fifth Circuit vacated our earlier judgments and remanded the cases to this Court so that we could study the holding of the Arkansas Federal District Court and reconsider our ruling in the light of Judge Miller's decisions. After careful study of his two opinions, we believe our original ruling was correct, and it will be reinstated for the reasons given hereinafter.

The Arkansas decisions referred to are styled Curran Development Company, Inc., v. Security Insurance Company, and are reported at D.C., 194 F.Supp. 727 and D.C., 195 F.Supp. 562. That case in-

volved the question of whether the exclusions of the policy of insurance there involved, which contained a severability clause, applied to *all* the insureds covered by the policy. The Court was of the opinion that, where a policy of insurance contains a severability clause, the inclusion within the policy of the term "as to employees of the insured" should limit the exclusion to *the* employees of *the* employer who commits the tort or seeks protection.

The Court based its opinion on the case of General Aviation Supply Co. v. Insurance Co. of North America, 181 F.Supp. 380 (E.D.Mo., 1960), stating that it believed that the Arkansas Supreme Court, when presented with the question, would adopt that view. In General Aviation, the Court held "that where a policy of insurance contains a 'severability of interest clause', such as found here, the exclusion within the policy as to employees of the insured should be limited and confined to the employees of the employer who commits the tort or seeks protection." The presence of the severability clause weighed heavily in the Court's decision. The Court said, at page 383:

"The question of whether the policy contains a 'severability' clause is of importance in making these determinations. In Standard Oil Company of Texas v. Transport Insurance Company, Tex.Civ.App., 324 S.W.2d 331, the Court stated at loc. cit. 334:

" 'This leaves us with one vital question to be answered. Are the exclusions * * * such as to exclude coverage to * * * an insured, where (the insured) is being sued by an employee of the named insured (but not by its own employee) ? In this connection the "severability of interest" must be considered. * * *

" 'There is nothing ambiguous in the meaning of "severability". Webster's International Dictionary, 2nd Edition, defines "severability" as "capable of being severed; capable of being divided into legal, independent rights or obligations; said es-

pecially of a contract of which the part to be performed by one party consists of distinct items to which the consideration may be proportioned so that the invalidity, failure of performance, or the like, as to one item does not necessarily affect the others". *The opinion from the Fifth Circuit Court of Appeals, particularly American Fidelity & Casualty Co. v. St. Paul-Mercury Indemnity Co., 248 F.2d 509, and other cited cases from the same court, were written without * * * severability of interest clause. In those cases the court found that the employee exclusion clause prevented protection to an "omnibus insured" from a suit by an employee of the insured.* However, other jurisdictions, even without the "severability of interest" clause, have taken the opposite viewpoint. * * *

* * * * * *

" '* * * Under the exact terms of the policy, as written, we can reach no other conclusion but that (the omnibus insured) is entitled to the protection of the automobile liability policy carried by the (named insured) where its interests are severed from those of the named insured.' (Parentheses [and emphasis] throughout have been supplied.)"

■ The clear implication of Curran and General Aviation, which it followed, is that in the absence of a severability clause the employee exclusion clause would exclude coverage for all insureds when the injured person is an employee of the named insured. We therefore conclude that the Supreme Court of Arkansas *in the absence of a severability clause,* would follow the holding of American Fidelity & Casualty Co. v. St. Paul-Mercury Indemnity Co., 248 F.2d 509 (5th Cir., 1957).

Even if the policy had a severability clause, Curran is distinguishable on its facts. In the first Curran case, supra, it was held that the insurance policy would provide coverage for an executive

officer acting within the scope of his duties. In the decision on the merits,[1] it was found that in the particular circumstances of the case the installation of certain electrical equipment was within the scope of Mr. Curran's executive activities. Here, through plaintiff, Robison and his employer, Crow, are seeking coverage as omnibus insureds under the Downs automobile policy.

 Arkansas recognizes and enforces the "borrowed employee" or "employee *pro hac vice*" doctrine of law. Mississippi River Fuel Corp. v. Morris, 183 Ark. 207, 35 S.W.2d 607 (1931); Hobbs-Western Co. v. Carmical, 192 Ark. 59, 91 S.W.2d 605 (1936); Soltz Machinery & Supply Co. v. McGehee, 208 Ark. 747, 187 S.W.2d 896 (1945). See also Malisfski v. Indemnity Ins. Co. of No. America, 135 F.2d 910 (4th Cir., 1943). Louisiana also follows this doctrine. See, e. g., Benoit v. Hunt Tool Co., 219 La. 380, 53 So.2d 137 (1951); Duke v. Dixie Building Material Co., 23 So.2d 822 (La. App., 1949). Here, the evidence shows beyond dispute that Germany was under the complete supervision and control of Robison at the time of the accident, and he was, therefore, the "borrowed employee" of Crow. Mississippi River Fuel, supra; Hobbs-Western, supra; Soltz Machinery, supra.

Coverage is denied to Crow under the terms of the policy by virtue of exclusion (b),[2] because Crow was liable to Germany's widow for Workman's Compensation. Robison, as a co-employee of Germany, was not an insured by virtue of the co-employee exclusion contained in the policy.[3]

For the reasons given, judgment will be rendered in favor of the defendant in both cases. Proper decrees should be presented.

---

1. 195 F.Supp. 562 (W.D.Ark.).

2. "This policy does not apply:

\* \* \* \* \*

 "(b) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law; or to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law; \* \* \*."

3. "\* \* \* The insurance with respect to any person or organization other than the named insured does not apply:

\* \* \* \* \*

 "(c) to any employee with respect to injury to or sickness[,] disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer; \* \* \*."