PRYME CONSTRUCTION CORP., a District of Columbia corporation, Appellant,

v.

William F. NICKOLSON and Margaret V. Nickolson, Appellees.

No. 3262.

District of Columbia Court of Appeals.

Argued July 8, 1963.

Decided Sept. 17, 1963.

**740**

H. Thomas Sisk, Jr., and M. Michael Cramer, Washington, D. C., for appellant.

C. Thomas McCally, Washington, D. C., with whom Clarence C. Keiser, Jr., Bethesda, Md., was on the brief, for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Plaintiffs-appellees brought this action against defendant-appellant, alleging they had purchased a home from defendant under a contract containing a warranty of a dry basement for one year, and seeking damages for the breach of that warranty. Defendant filed an answer denying "each and every allegation" of the complaint. At pretrial defendant admitted execution of the contract, but denied breach of the war-

1. Rule 8(c) of the trial court requires that any matter constituting an avoidance or affirmative defense shall be pleaded affirmatively.

ranty. At trial defendant, then represented by counsel different from those who filed its answer and represented it at pretrial, offered evidence that the house was constructed and first owned by Kamet Construction Company, Inc., which transferred title to a Mr. and Mrs. Katz, who, in consummation of the contract between plaintiffs and defendant, transferred title to the plaintiffs. Documentary evidence showed that the settlement sheet of the title company indicated that Mr. and Mrs. Katz were the sellers and that it was their deed which conveyed title to plaintiffs. A jury returned a verdict in favor of plaintiffs against defendant for $2,000.

On this appeal defendant, through a third set of attorneys, contends that it was not liable on the contract because it executed it as agent and not as principal. This contention could be disposed of summarily on the ground that this defense was not raised in the pleadings [1] or at pretrial [2] and was not clearly raised at trial. Furthermore, the officer of the defendant who testified that title was in Mr. and Mrs. Katz did not testify that defendant was the agent of Mr. and Mrs. Katz and did not testify that defendant executed the contract as agent for them or for anyone.

Even if we assume that defendant in executing the contract was in fact acting as agent for Mr. and Mrs. Katz, this will not relieve defendant, for it is admitted defendant did not disclose this agency. To avoid liability an agent must not only disclose his agency but also the identity of his principal. Resnick v. Abner B. Cohen Advertising, Inc., D.C.Mun.App., 104 A. 2d 254; Mayer v. Buchanan, D.C.Mun. App., 50 A.2d 595. Disclosure of the agency after execution of the contract will not relieve the agent of liability. 3 Am.Jur.2d Agency § 320.

Affirmed.

2. Levy v. D. C. Transit System, Inc., D.C. Mun.App., 174 A.2d 731.